460 So.2d 771 (1984)
Arnold POINTS
v.
James A. LAIRD and State Farm Insurance Company.
No. CA 3092.
Court of Appeal of Louisiana, Fourth Circuit.
December 13, 1984.
Henry E. Yoes, III Sessions, Fishman, Rosenson, Boisfontaine, Nathan & Winn, New Orleans, for plaintiff-appellee.
Ford T. Hardy, Jr., New Orleans, for defendant-appellant.
Before SCHOTT, BARRY and CIACCIO, JJ.
SCHOTT, Judge.
Ex proprio motu we questioned jurisdiction over this appeal from the First City Court of New Orleans. After a motion for a new trial was filed, the court signed an amended judgment, and the clerk mailed a notice thereof to counsel of record on June 1, 1984. This appeal was taken on June 18, 1984.
LSA-C.C.P. Art. 5003 A provides that an appeal from a judgment of a city court "may be taken only within ten days from the date of the judgment or from service of notice of judgment, when such notice is necessary." In this case notice was necessary.
Art. 5003 stands in sharp contrast to Art. 1974 which counts the delay for applying for a new trial from "the day after the clerk has mailed, or the sheriff has served, the notice of judgment..."; to Art. 2087 which counts the delay for taking a devolutive appeal from a district court judgment from "the date of the mailing of notice" of the court's refusal to grant a new trial; and to Art. 2123 which counts the delay for taking a suspensive appeal with the same language as found in Art. 2087.
Thus, in order to count the delay provided by Art. 5003 for the present appeal we do not start from the date of the mailing of the judgment, but instead from the date of the service of the notice which we interpret to mean the date when the notice was received by counsel for appellant.
Nothing in the record discloses when this was done. In response to our order to show cause why the appeal should not be dismissed, appellant's counsel states that his own file does not reflect the date he received the notice. If counsel received the *772 notice on June 6, 1984 his June 18 filing was timely. We cannot presume that something mailed on June 1 was necessarily delivered before June 6.
Appeals are favored in the law and any reasonable doubt must be resolved in favor of saving, rather than dismissing, an appeal. In the present case our interpretation of Art. 5003 is consistent with this principle. We deny our motion.
BARRY, J., dissents, assigning reasons.
BARRY, Judge, dissenting:
I interpret the Art. 5003 date of "service" to be when notice is mailed.
The majority effectively wipes out Art. 5003 by allowing counsel to state (perhaps guess) when notice was received. More often than not, as here, nothing in the record will show when notice was received. Hence, there is no limit on appeal time contra to Art. 5003.
If service means receipt, then the legislature would have required certified mail with return receipts. No presumption of mail delivery time is necessary if the clerk's record of mailing suffices.
I dissent.