SCHOTT, Chief Judge.
On November 7,1988 the court dismissed this appeal on an ex parte motion of appel-lee. On the following day appellant filed a motion for a new trial and reinstatement of its appeal. The court has readily agreed to reconsider the dismissal because such dismissal on an ex parte motion was contrary to the policy of the court and was inadvertently granted. The matter has now been submitted to the court on rehearing on briefs by the parties.
This case was tried in the First City Court on June 15, 1988 and was taken under advisement by the court. The judgment was signed on June 22 and a notice of judgment was prepared and presumably mailed on that day. Appellant filed its motion for appeal on July 7, 1988.
C.C.P. art. 5003 provides that an appeal from a judgment of a city court must be taken “within ten days from the date of the judgment or from the service of notice of judgment, when such notice is necessary.” In this case notice of judgment was necessary since the case was taken under advisement upon completion of the trial. C.C.P. art. 1913. Appellee contends that the ten day period should be counted from June 22 when the clerk presumably mailed the notice of judgment to appellee.
This question was settled in Points v. Laird, 460 So.2d 771 (La.App. 4th Cir.1984) in which the court held that the ten day delay for an appeal under C.C.P. art. 5003 would commence from the date of the notice of judgment was received by counsel for appellant. In this case counsel for appellant asserts that the notice was received by his office on June 28. The court accepts this date without question so that the appeal taken on July 7 was on time.
We reiterate our position in the Points case. Art. 5003 provides that the delay is to run from the “service of notice” not the mailing of the notice as specifically provided for in arts. 1974, 2087(3) and 2123(3). To equate the phrases “service of notice” and “mailing of notice” resulting in the dismissal of this appeal would be inconsistent with the policy of endeavoring to preserve appeals in doubtful cases. The unreliability of the postal service is so pervasive that the commencement of a ten day appeal time on the date of mailing would lead to widespread injustices.
Accordingly, the appeal is reinstated.