hWALTZER, Judge.
We grant relator’s writ application in order to review the trial court’s denial of relator’s dilatory exception of improper use of summary proceedings. Relator contends it is not necessary that this exception contain a prayer for relief.[1] This question appears to be res nova.
Relator, defendant-in-reconvention, answered respondent’s reeonventional demand, stating:
24.
Bulk Material Transfer, Inc. further avers that the Port has continued to accept Bulk Material’s monthly rental payments, which such payments the Port has continued to accept even after the issuance of the purported notices to Bulk Material Transfer, Inc. of eviction and/or vacation of the premises and as a result the right of summary eviction is not available to the Port. See Flores v. Gondolier, Ltd., 375 So.2d 400 (La.App. 3 Cir.1979).
25.
Bulk Material Transfer, Inc. further avers that the Port failed to give proper written notice of default pursuant to Paragraph 23(a) of the lease agreement between the parties.
1 ^WHEREFORE, Bulk Material Transfer, Inc. prays that its answer be deemed good and sufficient and that after the expiration of all legal delays and due proceedings had, there by judgment herein dismissing plaintiff in reconvention’s demand at its cost; affirming its right of set off; granting the exception of prematurity contained herein and all general and equitable relief.
Relator characterizes this language as pleading an exception of improper use of summary procedure. The trial court found that although the exception could be pled in the answer, relator failed to do so in this case with sufficient specificity. Relator relies on La.C.C.P. art. 854, a general pleadings article which provides that no technical forms of pleading are required. We note that La.C.C.P. art. 862, also a general pleadings article, provides 'that a party is entitled to whatever relief is proper regardless of whether the party specifically prayed for that relief and even if the petition contained no prayer for general and equitable relief.
However, these general pleadings articles must be read in connection with and contrasted with the exception articles, particularly La.C.C.P. art. 924, which requires that the exception shall not only state with particularity the objections urged and the grounds thereof, but shall also contain a prayer for the relief sought. Since this article is specific as to exceptions, its provisions prevail over the general pleadings articles La.C.C.P. arts. 854 and 862. Exception Article 924 provides that all exceptions shall comply with Articles 853, 854 and 863 and, whenever applicable, with Articles 855 through 861. We find that where La.C.C.P. art. 924 refers to all Articles from 853 through 863 except for 862, it *706 reflects a conscious legislative intention that the prayer for relief requirement of Article 924 will be enforced in preference to the general unspecified relief provisions of Article 862.
| sAlthough La.C.C.P. art. 854 dispenses with technical forms of pleading and may be said to embody a general philosophy of substance over form, the Official Revision Comment to La.C.C.P. art. 924 implies that, if anything, the new Code is more technical than prior law when dealing with the pleadings requirements applicable to exceptions. We recognize that this result is counterintuitive in light of the Codal and jurisprudential trends away from technical pleadings; however, we cannot ignore the clear language of the exception articles.
We note that the party opposing the dilatory exception may not be entitled to the benefits of La.C.C.P. art. 926(A)(5)’s exception of vagueness or ambiguity of the petition. Furthermore, the legislature was acting within its clear authority in enacting La.C.C.P. art. 924’s technical provisions.
The objections which may be raised through the dilatory exception are waived unless pleaded therein. La.C.C.P. art. 926. Relator failed to make either a general prayer that an exception of improper use of summary proceedings be granted, or a specific prayer that respondent be required to proceed via ordinaria. Therefore, we find no error in the trial court’s denial of relator’s purported exception of improper use of summary proceedings.
WRIT GRANTED. RELIEF DENIED.

. Our disposition of this question makes relator’s request for review of the merits of the exception moot.