897 So.2d 812 (2005)
John JOHNSON, Individually and as a Representative of the Class of Those Similarly Situated
v.
ORLEANS PARISH SCHOOL BOARD, XYZ Insurance Company, City of New Orleans, and ABC Insurance Company.
No. 2004-CA-1352.
Court of Appeal of Louisiana, Fourth Circuit.
February 16, 2005.
*813 Roy J. Rodney, Jr., John K. Etter, Rodney Law Firm, LLC, New Orleans, LA, for Appellant, Housing Authority of New Orleans.
Michaela E. Noble, John Y. Pearce, Lawrence G. Pugh, III, New Orleans, LA, *814 for Appellees, Edward Levy Metals, Inc. and Delta By-Products, Inc.
Nannette V. Jolivette, Heather M. Valliant, Chaffe, McCall, Phillips, Toler & Sarpy, L.L.P., New Orleans, LA, for Defendant/Appellant, Orleans Parish School Board.
(Court composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge MAX N. TOBIAS JR. and Judge LEON A. CANNIZZARO JR.).
Joan Bernard Armstrong, Chief Judge.
The defendant-appellant, the Orleans Parish School Board[1], and the defendant-third-party-plaintiff-appellant, the Housing Authority of New Orleans[2], appeal a judgment of June 15, 2002, granting the exceptions of no cause of action and no right of action filed on behalf of third party defendants, Edward Levy Metals, Inc.[3] and Delta By-Products, Inc.[4], dismissing Levy Metals and Delta from this suit.
The principal plaintiffs are current or former residents of the area developed atop the site of the former Agriculture Street Landfill[5] which had been in operation for many years prior to its closure in 1958. A brief history of the Landfill is set forth in this Court's opinion affirming the certification of the class in Johnson v. Orleans Parish School Board, 00-0825 (La.App. 4 Cir. 6/27/01), 790 So.2d 734 (hereinafter Johnson I). The main demand is based on the contention that the defendants in the main demand, the City of New Orleans, HANO and the School Board, failed to properly seal or otherwise remove hazardous substances at the site of the former Landfill and failed to warn the plaintiffs of these substances prior to approving, promoting and developing residential and commercial properties and an elementary school atop the former Landfill.
The Landfill land was not owned by the City, HANO or the School Board during the time it was operated as a landfill. It was leased from the Lemle family. Delta operated a salvage facility on a portion of the Landfill property from 1949 until the Landfill was closed in 1958. Levy Metals never owned any of the Landfill property, although Edward Levy individually had an ownership interest in the property.
The class plaintiffs do not allege that the City Landfill was operated improperly or maintained in violation of any standard of care, ordinance or regulation during its many years of operation. Rather, the class plaintiffs allege that the City's and HANO's negligence began in the 1960's after the Landfill had ceased operations. The class plaintiffs alleged that the School Board's negligence did not commence until 1983, long after the closure of the Landfill.
The basis of the third-party demand against Levy Metals and Delta is based on allegations that they improperly dumped and/or handled waste at the Landfill prior to the time that the negligence alleged in the main demand occurred.
Also made third-party defendants were BFI Waste Systems of America, Inc. ("BFI"), the New Orleans Public Belt Railroad Commission ("Railroad"), CFI Industries, Inc. ("CFI"), IPC, Inc. ("IPC") and the Board of Commissioners for the Port of New Orleans ("Port"). All of these third-party defendants filed exceptions of *815 no right of action and no cause of action and prescription in opposition to the third-party plaintiffs' demands. Johnson v. Orleans Parish School Board, 03-0828 (La.App. 4 Cir. 11/3/04), 890 So.2d 579 (Johnson II).
In Johnson II, this Court affirmed the granting of the exceptions of no cause of action, dismissed without prejudice the third-party demands against the aforementioned third-party defendants, and remanded to the trial court with instructions to permit amendments to the third-party demands within thirty days of the date of this Court's judgment.
Levy Metals and Delta incorporate by reference into this appeal the "facts, authority and arguments contained in the appeal brief filed by CFI in that matter."
In the trial court, Levy Metals and Delta adopted CFI's exceptions of no right of action, no cause of action and prescription leading to the judgment that is the subject of this appeal. Although no written reasons were issued in conjunction with the judgment that is the subject of the instant appeal, written reasons were issued in connection with the previous judgment granting CFI's exceptions.
The issues in the instant case, Johnson III, are virtually identical to those decided recently by this Court in Johnson II, which is controlling. The following statement of the case in Johnson II is equally applicable for all material purposes to the instant appeal:
The original plaintiffs in this case are current and former residents of three housing developments in New Orleans. These plaintiffs filed suit against the City, HANO and the School Board alleging damages resulting from the construction of a community on top of a former municipal landfill site known as the Agriculture Street Landfill. According to the suit, in the 1960's and 1970's, these defendants developed residential and commercial properties and an elementary school on this site without first removing hazardous substances from the site and warning plaintiffs of the existence of these substances.
The defendants in this suit subsequently filed third party demands for direct damages, indemnity and contribution against the appellees, BFI Waste Systems of North America, Inc., the New Orleans Public Belt Railroad Commission, CFI Industries, Inc., IPC, Inc. and the Port of New Orleans [[6]]. The third party demands allege that the third party defendants are the corporate successors to companies that improperly hauled and disposed of hazardous materials at the landfill site prior to 1958 when the landfill was closed.
We will accept for purposes of argument the contention made in the HANO brief that:
The third party defendants included Edward Levy Metals ... and Delta Products ..., which salvaged metal and other materials from the trash under contract with the City between 1949 and 1958, and still own property at the former Agriculture Street Landfill.
We find that there is nothing material to this appeal to distinguish the allegations made against the third party defendants in Johnson II from those made against Levy Metals and Delta in the instant appeal. Accordingly, we adopt the standards regarding the review of the exception of no cause of action set forth in Johnson II *816 based on Ramey v. DeCaire, XXXX-XXXX, pp. 7-8 (La.3/19/04), 869 So.2d 114, 118-119, and Smith v. State Farm Insurance Companies, XXXX-XXXX (La.App. 4 Cir. 3/3/04), 869 So.2d 909 and other cases cited therein.
In the instant case, as in Johnson II and for the same reasons, "we conclude that the trial court did not err in granting the exceptions of no cause of action because the third-party demands do not allege facts sufficient to identify a legal duty owed by the third-party defendants to the plaintiffs or the third party plaintiffs." As was the case in Johnson II, there are no allegations that the third-party defendants in the instant appeal, Levy Metals and Delta, knew or should have known that an area designated as a landfill would years later become the site of a residential neighborhood and school.
Also, as was stated in Johnson II, we need not reach the issue of whether Levy Metals or Delta fall within the definition of proprietor under La. C.C. art. 667 because there is no allegation that any of the plaintiffs lived in the vicinity of the landfill during its operation.
The only new issue in this appeal is the appellants' contention that Delta and Levy Metals should not have been allowed to file a memorandum in support of their exceptions in which they said only that they adopted by reference the arguments made by CFI Industries, Inc. and IPC, Inc. This contention is not well founded.
The rules of civil procedure are to be construed liberally, "and with due regard for the fact that rules of procedure implement substantive law and are not an end in themselves." La. C.C.P. art. 5051. La. C.C.P. art. 853, which is incorporated by reference in La. C.C.P. art. 924 provides in pertinent part that "a statement in a pleading may be adopted by reference in a different part of the same pleading or in another pleading in the same court." Pleadings do not have to be in any technical form. La. C.C.P. art. 924. Courts have permitted parties to adopt the exceptions of other parties. See Kent v. Epherson, 03-755 (La.App. 5 Cir. 12/9/03), 864 So.2d 708.
We also find it significant that neither appellant claims any prejudice, inconvenience, confusion, or even any mere uncertainty as a result of the manner in which Levy Metals and Delta asserted their exception. Moreover, none of the cases cited by the appellants make any reference to the incorporation of other materials by reference. In Bulk Material Transfer v. Bd. of Com'rs, 99-1392 (La.App. 4 Cir. 6/9/99), 738 So.2d 704, 705, this Court noted that the requirement that the exception contain a prayer for relief found in La.C.C.P art. 924 was "specific as to exceptions." Therefore, it was held to prevail over general pleading articles. In Bulk Material Transfer the exception did not contain a specific prayer for relief and failed to incorporate such a prayer by reference.
There is no language in La. C.C.P. art. 924 prohibiting the practice of meeting the content requirements for exceptions by incorporation by reference. Therefore, it is appropriate to refer to that portion of La. C.C.P. art. 924 referring to (one might even say "incorporating by reference") the general pleading articles by directing that, "all exceptions shall comply with Articles 853, 854, and 863 and whenever applicable with Articles 855 through 861." La. C.C.P. art. 853 provides in part that "a statement in a pleading may be adopted by reference in a different part of the same pleading or in another pleading in the same court." La. C.C.P. art. 854 provides that pleadings do not have to be in any technical form.
*817 Regardless we have the right to notice an exception of no cause of action on our own motion. La. C.C.P. art. 927 B. In view of the recent reported opinion of this Court in Johnson II involving the same appellants and similarly situated third-party defendants, we could hardly ignore the obvious exception of no cause of action applicable to the instant case. Accordingly, in light of Johnson II, we are compelled to notice on our own motion that the appellants have no cause of action against the appellees.
For the foregoing reasons, pursuant to and consistent with Johnson II we affirm the granting of the appellees' exceptions of no cause of action and remand this case to the trial court with instructions to permit amendments to the third-party demands within thirty days of this judgment. If the third-party plaintiffs fail to amend the third-party demands within the prescribed time, the trial court shall dismiss the third-party demands with prejudice. Because third-party plaintiffs have failed to state a cause of action, the issue of no right of action is pretermitted.
AFFIRMED AND REMANDED.
NOTES
[1] Hereinafter "the School Board."
[2] Hereinafter "HANO."
[3] Hereinafter "Levy Metals."
[4] Hereinafter "Delta."
[5] Hereinafter "the Landfill."
[6] In the same pleadings the defendants also named the appellees herein, Levy Metals and Delta, as third-party defendants.