GOTHARD, Judge.
This is a slip-and-fall matter which resulted in plaintiff, Ben Smith (“Smith”), filing suit for damages against Winn-Dixie Louisiana, Inc. (“Winn-Dixie”) in the Second Parish Court of Jefferson Parish. Smith allegedly slipped on a foreign substance in one of Winn-Dixie’s stores, sustaining injuries. A one-day trial on the merits took place on November 6, 1992.
Upon conclusion of the trial, the matter was taken under advisement, and on November 12, 1992, the trial court rendered judgment against Winn-Dixie in the sum of $2,260.00, plus legal interest and costs. On November 13,1992, the deputy clerk of court mailed notice of the signing of judgment to counsel of record for both Smith and Winn-Dixie. No application for a new trial was filed. However, on December 9,1992, Winn-Dixie suspensively appealed the trial court’s judgment.
On June 25, 1993, this court issued an order, sua sponte, directing the parties to show cause on or before July 26, 1993, why this appeal should not be dismissed on the basis that it was taken untimely. As of this writing, more than two months subsequent to the deadline, neither party has answered the rule.
La.Code Civ.Proc. art. 5002(A) provides that when no timely application for a new trial has been filed, “[a]n appeal from a judgment rendered by a city court or a parish court may be taken only within ten days from the date of the judgment or from the service of notice of judgment, when such notice is necessary.” The article applies to both suspensive and devolutive appeals.
La.Code Civ.Proc. art. 4905(A) describes the circumstances under which notice is necessary, providing, in part, that “[njotice of judgment must be given when ... [t]he case has been taken under advisement ...” Additionally, art. 4905(C) provides that “[w]hen the party who is entitled to notice of judgment has counsel of record, notice of judgment shall be given by mailing or delivering a copy of the judgment to the counsel of record.”
Since this case was taken under advisement by the trial court, notice of judgment by mailing to both parties’ counsel of record was necessary, and was effected on November 13, 1992. In order to determine the timeliness of Winn Dixie’s appeal, however, we must first address when service of notice for purposes of articles 5002(A) and 4905(C) was perfected, upon mailing by the deputy clerk or upon receipt by Winn-Dixie’s counsel.
This issue was recently addressed by the Supreme Court in Myles v. Turner, 612 So.2d 32 (La.1993). The Court was faced with a situation identical to the one before us, except that it was stipulated by appellant’s counsel in Myles (and accepted as such by the Court) that he received notice of the city court judgment exactly ten days prior to his filing the appeal with the Second Circuit (which subsequently dismissed it as untimely). After analyzing the applicable Code of Civil Procedure articles, the obvious vagueness existing as to when notice of judgment is perfected, and absent clarification from the legislature, the Court concluded that, “the legislature intended the appeal delay from a city [or parish] court judgment to commence upon receipt of notice of judgment rather than upon mere mailing of said notice in cases wherein such notice is necessary.” Id. at 35.[1]
In the instant matter, the deputy clerk mailed the notice of judgment to all counsel *752 of record on November 13, 1992, and Winn-Dixie filed their motion for suspensive appeal on December 9, 1992. For the appeal to have been filed timely, defense counsel would have had to have received the notice of judgment no earlier than November 29,1992 (ten days prior to filing their motion for appeal). As noted by Justice Lemmon in subscribing to the opinion and assigning additional reasons, the Myles “decision may give rise to swearing contests over the date of receipt of the notice of judgment.” (footnote omitted) Id.[2] However, nothing in the record before us today indicates when counsel for Winn-Dixie may have received the notice of judgment.
While the Myles holding is relevant to the case before us today, and mindful of its importance, this court cannot speculate that counsel for Winn-Dixie did not receive the notice of judgment until November 29, 1992, or later. Moreover, based on the fact that the defendant was given ample opportunity (through July 26, 1993) to show that its appeal was filed timely, and has failed to file anything with this court since its appeal brief of May 28, 1993, this court must conclude that the notice of judgment was received by counsel for Winn-Dixie prior to November 29, 1992, and that therefore, the appeal is untimely.
“When an appellant fails to timely take and perfect an appeal, the appellate court lacks jurisdiction to hear the appeal. In such instances, the appellate court may on its own motion, recognize its lack of authority to entertain the appeal and dismiss same.” Berry v. Guidry, 551 So.2d 852 (La.App. 3rd Cir.1989).
Accordingly, we find Winn-Dúáe’s appeal to be untimely and dismiss the appeal at defendant-appellant’s costs.

APPEAL DISMISSED.

. While both a special and a regular legislative session have been held since the Myles decision, a careful review of the acts passed during the *752 1993 sessions indicates that art. 5002 remains unchanged.

. In order to avoid similar situations in the future, this court reiterates Justice Lemmon's admonition to clerks of parish and city courts that until art. 5002 is clarified through legislative action, notices of judgment should be sent by registered mail, return receipt requested.