|, Judge MICHAEL E. KIRBY.
Defendant, Regal Insurance Company, appeals the judgment of First City Court denying its motion for new trial as untimely-
This case involved a vehicular collision between a car driven by plaintiff and another car driven by Sharon Julien. Plaintiff filed a petition for damages naming Julien and her insurer, Allstate Insurance Company, as defendants. Plaintiff subsequently filed a first supplemental and amending petition, adding Regal Insurance Company (“Regal”) as a defendant. Regal was plaintiffs uninsured/underinsured motorist carrier. Prior to trial, plaintiff settled her claim against Julien and Allstate, and those defendants were dismissed from the lawsuit upon the motion of plaintiff. Following trial of plaintiffs claim against Regal on October 26, 1999, the First City Court judge took the matter under advisement. On October 28, 1999, the judge rendered judgment in favor of plaintiff and against Regal in the amount of $7,000.00 in general damages, $6,165.00 in medical expenses and $60.60 in lost wages, along with judicial interest from the date of judicial demand. On December 23, 1999, Regal filed a motion to amend the judgment, which was denied. On February 28, 2000, notice of the October 28, 1999 judgment was mailed to attorneys for plaintiff and defendant.
|;>On March 3, 2000, Regal filed a motion for new trial. The First City Court judge denied the motion on August 4, 2000. In reasons for judgment, the judge stated as follows:
Pursuant to Louisiana Code of Civil Procedure Article 4905(c) and Miles [sic] v. Turner, [612 So.2d 32 (La.1993) ] the time delays for filing a motion for new trial commence to turn [sic] upon receipt or delivery of the Judgment in question. Counsel for defendant acknowledged receiving a copy of the Judgment and the delays for filing a Motion for New Trial began to run at that time.
Regal appealed the August 4, 2000 judgment, which operated to uphold the judgment of October 28,1999.
On appeal, Regal argues that the First City Court erred in its October 28, 1999 *1149 judgment, and in its denial of Regal’s motion for new trial. Regal presents four assignments of error for this Court’s review: 1) the court erred in not applying the $10,000.00 payment received by plaintiff from Allstate Insurance Company as a credit against the judgment, 2) the court erred in not recognizing the $10,000.00 limits of the Regal Insurance Company policy, 8) the court erred in allowing recovery of greater than $20,000.00, its limit of jurisdiction, and 4) the court erred in failing to grant the motion for new trial. Because we find that the trial court erred in finding that Regal’s motion for new trial was untimely and are remanding this matter to the trial court, discussion of the remaining arguments is pretermitted at this time.
The trial court’s rebanee on La. C.C.P. art. 4905 and the case of Myles v. Turner, 612 So.2d 32 (La.1993), in this matter was misplaced. The issue in the Myles case was whether an appeal was timely filed, not whether a motion for new |3trial was timely filed. The controlling code article in this matter is La. C.C.P. art. 4907, not La. C.C.P. art. 4905.
Prior to its 2001 amendment, La. C.C.P. art. 4905, entitled “Notice of judgment in parish or city courts,” stated, in pertinent part:
A. Notice of judgment must be given when:
[[Image here]]
(2) The case has been taken under advisement; when the party who is entitled to notice of judgment has counsel of record, notice of judgment shall be given by mailing or delivering a copy of the judgment to counsel of record.
La. C.C.P. art. 4907, entitled “New trials; delay in parish or city courts,” states, in pertinent part:
The delay for applying for a new trial shall be three days, exclusive of holidays. Where notice of judgment is required, this delay commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment.
La. C.C.P. art. 4905, the notice of judgment article that is not specific to the delay period for applying for a new trial in a city court, stated that notice could be accomplished by “mailing or delivering” a copy of the judgment to counsel of record. That article did not designate by whom the notice must be mailed or delivered. La. C.C.P. art. 4907, the article specifically dealing with motions for new trial filed in a city court, designated that notice must be either mailed by the clerk or served by the sheriff before the delay period commences.
Because La. C.C.P. art. 4907 is specific as to the type of notice required for the commencement of the delay period for applying for new trial in a city court, its provisions prevail over the general notice requirements of La. C.C.P. art. 4905. See, Bulk Material Transfer, Inc. v. Board of Commissioners for St. Bernard Port Harbor and Terminal District, 99-1392 (La. App. 4 Cir. 6/9/99), 738 So.2d 704. There is no evidence in the record that defense counsel for Regal was ever served with notice of judgment by the sheriff. There is also no evidence in the record that the notice of judgment was mailed by the clerk before the mailing of February 28, 2000. Therefore, under the provisions of La. C.C.P. art. 4907, the delay period for applying for a new trial did not commence until February 29, 2000. Regal’s motion for new trial filed on March 3, 2000 was timely.
Plaintiff argues that Regal’s trial counsel received notice of judgment when she was handed a copy of the judgment in open court shortly after the October 28, *1150 1999 judgment was rendered.[1] Plaintiff also argues that Regal’s filing of a motion to amend the judgment in December 1999 was an admission that it received notice of the judgment. Neither of these arguments refutes the fact that the notice requirements of La. C.C.P. art. 4907 were not complied with until the clerk mailed the judgment to defense counsel on February 28, 2000. The wording of La. C.C.P. art. 4907 is not vague or ambiguous. Counsel for defendant Regal was entitled to wait until the provisions of that article were complied with before filing its motion for new trial.[2]
Because the trial court erroneously denied Regal’s motion for new trial as untimely, it did not address the merits of the motion. Accordingly, we remand this case to the trial court for consideration of the merits of Regal’s motion for new trial. See, Marshall v. Allstate Insurance Co., 00-79, p. 5 (La.App. 5 Cir. 6/27/00), 762 So.2d 1257, 1259.
| ¡¡For the reasons stated above, the judgment denying the motion for new trial as untimely is reversed. This matter is remanded to the trial court for further proceedings.
REVERSED AND REMANDED.
GORBATY, J., concurs with reasons.
TOBIAS, J., concurs.

. The transcript of the motion for new trial hearing during which counsel for Regal acknowledged receiving hand-delivery of the judgment is not included in the record; it is only attached to plaintiff's brief.

. At oral argument, counsel for plaintiff cited the case of Massettv. Landry, 399 So.2d 1199 (La.App. 4 Cir.1981), in which counsel's notice of judgment by telephone was deemed sufficient to commence the delay period for the filing of a motion for new trial. That case is not applicable to the instant case because it was rendered prior to the enactment of La. C.C.P. art. 4907.