FREDERICKA HOMBERG WICKER, Judge.
 

 lain this proceeding concerning a landlord’s alleged failure to repair leased premises, defendant/appellant Chris Morton (“Morton”) appeals a judgment he characterizes as a default judgment.
 
 [1]
 
 Morton contends that the trial court erred in granting the judgment because the evidence was insufficient to establish a prima facie case. Morton additionally contends that the trial judge erred in denying his motion for new trial. For the reasons that follow, we dismiss the appeal as untimely.
 

 FACTS AND PROCEDURAL HISTORY
 

 The following allegations were developed from trial testimony and exhibits introduced into evidence:
 

 On August 16, 2002, plaintiffs Guadalupe Erazo, Luis G. Erazo, Luis A. Erazo, Yesenia B. Erazo, Daniel B. Erazo, and Patricia Gonzalez entered into a Presidential lease agreement with Morton.
 
 [2]
 
 In the lease agreement, the plaintiffs agreed to pay Morton $750.00 monthly for an apartment located at 3013 Ridgelake Drive, Metairie, Louisiana.
 

 On December 11, 2003, the plaintiffs filed a petition for damages in First Parish Court, naming Morton as defendant. They alleged that in the August 16, 2002 lease, the defendant agreed that he “shall be responsible for the repair of ... plumbing ... provided the repair is not caused by a misuse of neglect by the Lessee.” The plaintiffs further alleged that the defendant breached that clause of the lease by failing to rectify plumbing problems in the apartment and that they were harmed as a result. This matter was eventually set for trial on June 30, 2008. Despite being personally served with notice setting this matter for trial, Morton failed to appear at trial. The plaintiffs presented testimony of three witnesses and introduced
 
 *954
 
 numerous exhibits into evidence. At the conclusion of the trial, the court ruled in favor of the plaintiffs.
 

 The trial court rendered its judgment on March 12, 2009. The trial court awarded each of the plaintiffs $1,500.00 in general damages. The trial court additionally awarded Guadalupe Erazo hotel expenditures, vehicle storage facility costs, the cost of replacing a bed frame, two months rent, double the amount of the plaintiffs’ security deposit, and attorney’s fees.
 

 UNTIMELINESS OF THE APPEAL
 

 We need not address the defendant’s assignments of error, because his appeal is untimely.
 

 La. C.C.P. art. 5002(A) provides that “[a]n appeal from a judgment rendered by a city court or a parish court may be taken only within ten days from |4the date of the judgment or from the service of notice of judgment, when such notice is necessary.” However, “[w]hen an application for new trial is timely filed ... the delay for appeal commences on the day after the motion is denied, or from service of notice of the order denying a new trial, when such notice is necessary.” La. C.C.P. art. 5002(B). The delay for applying for a new trial from a judgment in parish court is three days exclusive of holidays. La. C.C.P. art. 4907(B). Where notice of judgment is required, this delay commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment. Id.
 

 The trial judge signed the judgment at issue on March 12, 2009. The record indicates that the defendant filed a motion for new trial on March 23, 2009. In the motion for new trial, Morton admitted that he “received the Notice of Signing of Judgment on March 14, 2009.”
 
 [3]
 
 After a hearing, the motion for new trial was denied on May 18, 2009. Morton filed a Motion for Devolutive Appeal on June 18, 2009. The motion was granted on June 23, 2009.
 

 The record is clear that Morton did not appeal the parish court judgment within ten days of the date of the judgment or from service of the notice of judgment as required by La. C.C.P. art. 5002(A). Under the provisions of La. C.C.P. art. 4907(B), the three-day delay period for requesting a new trial commenced on March 16, 2009.
 
 [4]
 
 Accordingly, Morton’s motion for new trial was untimely filed and his ten-day delay period for appealing the trial court’s judgment began on March 14, 2009.
 
 See also Myles v. Turner,
 
 612 So.2d 32, 35 (La.1993) |B(“we hold that the 10-day appeal delay provided for in La.Code Civ.Proc. art. 5002 commences to run upon
 
 receipt
 
 of notice of judgment rather than upon the mere mailing of said notice.”) (emphasis in original). Morton did not file
 
 *955
 
 his Motion for Devolutive Appeal until 96 days had elapsed.
 

 When an appellant fails to timely take and perfect an appeal, the appellate court lacks jurisdiction to hear the appeal and may dismiss it on its own motion.
 
 State Farm Mut. Auto. Ins. Co. ex rel. Robinson v. Jimenez,
 
 98-1057 (La.App. 5 Cir. 1/26/99), 726 So.2d 465, 466. Accordingly, because it was not timely filed, Morton’s appeal is not properly before this Court, and it is hereby dismissed.
 

 DECREE
 

 This appeal is dismissed. Costs of this appeal are taxed to Morton.
 

 APPEAL DISMISSED.
 

 [1]
 

 . The parties dispute the nature of the proceedings below and the judgment rendered by the trial court. Morton contends that the trial court issued a default judgment. In their brief to this Court, the plaintiffs contend that the “[t]he trial court's judgment in favor of Plaintiffs was proper because it was rendered following a trial on the merits in which competent evidence was presented and in which Defendant waived all objections by failing to appear.” In any event, we need not consider whether the trial court issued a default judgment or whether the judgment was rendered following a trial on the merits because we dismiss the appeal as untimely.
 

 [2]
 

 . Luis A. Erazo, Yesenia B. Erazo, and Daniel B. Erazo are the natural children of Guadalupe Erazo and Luis G. Erazo. Guadalupe Era-zo, Luis G. Erazo, Luis A. Erazo, Yesenia B. Erazo, Daniel B. Erazo, and Patricia Gonzalez will collectively hereafter be known as the "plaintiffs."
 

 [3]
 

 . We note that this admission constitutes a judicial confession. An admission in a pleading falls within the scope of a judicial confession and is full proof against the party making it.
 
 Goines v. Goines,
 
 08-42 (La.App. 5 Cir. 6/19/08) 989 So.2d 794, 797;
 
 Tucker v. St. Tammany Parish School Bd.,
 
 03-2401 (La.App. 1 Cir. 9/17/04), 888 So.2d 235, 237. Written motions constitute pleadings. La. C.C.P. art. 852.
 

 [4]
 

 . Morton received the notice of signing of judgment on March 14, 2009. March 14, 2009 was a Saturday. Saturdays and Sundays are counted as days of public rest and legal holidays pursuant to La. R.S. 1:55(A)(1).
 
 See also Floridi v. Floridi,
 
 08-1306 (La.App. 5 Cir. 4/28/09), 13 So.3d 206, 208. Under La. C.C.P. art. 5059(3), legal holidays are “included in the computation of a period of time allowed or prescribed, except when ... [t]he period is less than seven days.” The delay period for filing a motion for new trial in this case was three days. Accordingly, legal holidays are not included in the computation of the three-day delay period for requesting a new trial and the period commenced on Monday, March 16, 2009.