NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 13-179

GEORGE L. BRUCE

VERSUS

FORD MOTOR COMPANY, ET AL.

**********

APPEAL FROM THE
PINEVILLE CITY COURT
PARISH OF RAPIDES, NO. 2010CV00236
HONORABLE JESSE PHILLIP TERRELL, JR., CITY COURT JUDGE

**********

SHANNON J. GREMILLION

JUDGE

**********

Court composed of James T. Genovese, Shannon J. Gremillion, and John E. Conery, Judges.

MOTION TO DISMISS APPEAL DENIED.

Fred Andrew Pharis
Pharis & Pharis
831 DeSoto Street
Alexandria, LA 71301
(318) 445-8266
COUNSEL FOR PLAINTIFF/APPELLEE:
        George L. Bruce

**Carl Joseph Giffin, Jr.**
**Bernard, Cassisa, Elliot & Davis, A.P.L.C.**
**3838 N. Causeway Boulevard, #3050**
**Metairie, LA 70002**
**(504) 834-2612**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
    **Ford Motor Company**
    **Marler Ford Co., Inc.**

**GREMILLION, Judge.**

The Plaintiff-Appellee, George L. Bruce, moves to dismiss this appeal on the ground that the appeal was not filed timely. For the reasons given herein, we deny the motion.

Plaintiff sued Defendants, Ford Motor Company and Marler Ford Company, Inc., in Pineville City Court seeking damages and rescission of the sale of a truck. Following a bench trial, a judgment was rendered in Plaintiff's favor. Thereafter, Defendants filed a motion for new trial, and the motion was heard on April 13, 2012. After having taken the matter under advisement, the trial court signed a judgment denying the motion for new trial on August 10, 2012. On September 7, 2012, Defendants filed a motion for suspensive appeal, and the order of appeal was signed on October 5, 2012. Defendants subsequently posted an appeal bond, and the appeal was lodged in this court on February 21, 2012.

Plaintiff seeks to have this court dismiss this appeal for having been filed untimely. Plaintiff notes that the time delay for the appeal in this case is governed by La.Code Civ.P. art. 5002. Pursuant to La.Code Civ.P. art. 5002(A), an appeal from a judgment rendered by a city court must be taken "within ten days . . . from the service of the notice of judgment." Also, La.Code Civ.P. art. 5002(B) provides that "[w]hen an application for new trial is timely filed . . . the delay for appeal commences on the day after the motion is denied, or from service of notice of the order denying a new trial, when such notice is necessary." Plaintiff acknowledges that the Louisiana Supreme Court has held that "the 10-day appeal delay provided for in La.Code Civ.Proc. art. 5002 commences to run upon receipt of notice of judgment rather than upon the mere mailing of said notice." *Myles v. Turner*, 612 So.2d 32, 35 (La.1993).

In the instant case, we note that the appeal record contains two notices of the mailing of judgment for the trial court's ruling of August 10, 2012, which denied Defendants' motion for new trial. The first notice of judgment indicates that the notice was sent by regular mail to all parties on August 14, 2012. A second notice of judgment indicates that a notice of judgment was sent by certified mail to Defendants on August 28, 2012.

Plaintiff asserts that unless Defendants can show that they did not receive the first notice of judgment, this court lacks jurisdiction to consider the appeal. Noting that the first notice of judgment was mailed on August 14, 2012, and that Defendants' motion for appeal was not filed until September 7, 2012, Plaintiff argues that it is highly unlikely that it took Defendants 24 days to receive the first notice of judgment which was sent from Pineville, Louisiana, to Metairie, Louisiana. Further, Plaintiff contends that there is nothing in the record to show that Plaintiff did not receive that first notice of judgment. According to Plaintiff, the second notice of judgment did not abrogate the effects of the first notice of judgment. Also, Plaintiff contends that there is no requirement that a notice of judgment be sent by certified mail, as was the case with the second notice of judgment sent in this case.

In their opposition to Plaintiff's motion to dismiss the appeal, Defendants contend that the first notice of judgment, dated August 14, 2012, was insufficient. Defendants contend that on June 29, 2012, Defendants' counsel's law firm had relocated its offices from 1615 Metairie Road to 3838 N. Causeway, Suite 3050, in Metairie, Louisiana. Defendants note that the address listed on the first notice of judgment was Defense counsel's old office address. Defendants maintain that the clerk of court's office was verbally notified of defense counsel's new office

2

address and that defense counsel periodically called the clerk of court's office to see if a judgment had been rendered. Defendants argue that a notice of judgment mailed to the wrong address is insufficient. Defendants also argue that the August 14, 2012, notice of judgment was insufficient because it does not contain a certification signed by the deputy clerk.

Defendants assert that their motion for appeal was timely filed once they received the second notice of judgment which contained a signed certification. Defendants note that although the second notice of judgment indicates that the notice of judgment was mailed on August 28, 2012, the envelope that contained the notice was postmarked August 29, 2012. Defendants also note that the second notice of judgment was sent to the correct address for Defendants' counsel. Defendants also contend that due to the occurrence of Hurricane Isaac, a declaration of emergency was declared for Louisiana from August 27, 2012 to September 3, 2012, and that defense counsel's office was without power and closed from August 28, 2012 to September 3, 2012. At any rate, Defendants assert that their motion for appeal, which was filed on September 7, 2012, was filed within 10 days of their receipt of the second notice of judgment.

We note that after a judgment on the merits was rendered in favor of Plaintiff, Defendants filed a motion for new trial. We also note that a hearing was held on the motion for new trial and that the trial court took the matter under advisement. Under these circumstances, we find that a mailing of notice of judgment was necessary. Thus, pursuant to La.Code Civ.P. art. 5002(B), Defendants were required to file their motion for appeal within 10 days of the service of the notice of judgment. The Louisiana Supreme Court has interpreted the "service of notice" language used in Article 5002 to mean "receipt of notice."

3

*See Myles,* 612 So.2d 32. Therefore, in the instant case, we find that the 10-day appeal delay set forth in La.Code Civ.P. art. 5002(B) did not commence to run until Defendants received the notice of the judgment denying their motion for new trial.

Thus, the question regarding the timeliness of the instant appeal hinges upon a determination of the date on which Defendants received the notice of judgment. While the judgment denying Defendants' motion for new trial was signed on August 10, 2012, and the first notice of judgment was sent on August 14, 2012, Defendants did not file their motion for appeal until September 7, 2012. We find that Defendants have offered a plausible explanation as why they did not receive the first notice of judgment. In that regard, we note that Defendants contend that although Defendants' counsel's office had been relocated, the first notice of judgment was addressed to the defense counsel's old address. We find that even if that first notice of judgment had been mailed to the correct address, the first notice of judgment was still lacking because, as pointed out by Defendants, the certification on that notice of judgment was not signed by the deputy clerk. Under the factual circumstances of this case, we find that the mailing of a second notice of judgment was warranted and that the 10-day appeal delay commenced to run upon Defendants' receipt of the second notice of judgment which was mailed on August 29, 2012. Since the motion for appeal, which was filed on September 7, 2012, was filed nine days after the mailing of the notice of judgment, we find that the appeal was filed within 10 days of Defendants' receipt of the mailing of the notice of judgment. Therefore, we find the appeal to be timely filed under La.Code Civ.P. art. 5002.

For the foregoing reasons, we deny Plaintiff's motion to dismiss the appeal.

**MOTION TO DISMISS APPEAL DENIED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Court of Appeal.