KUHN, J.
¡ gDefendant-appellant, Felix Rivero, a pro se litigant, appeals the grant of summary judgment by the city court in favor of plaintiff-appellee, Keesler Federal Credit Union (Keesler), awarding $21,812.20, interest, attorneys’ fees, and court costs on an open account. We affirm.
*1220 PROPRIETY OF THE APPEAL
As a preliminary matter, we note that Keesler challenges the city court’s grant of Rivero’s appeal of the August 22, 2018 summary judgment, suggesting that it was untimely. La. C.C.P. art. 5002A provides in relevant part, “An appeal from a judgment rendered by a city court ... may be taken only within ten days from the date of the judgment or from the service of notice of judgment, when such notice is necessary.” Relying on La. C.C.P. art. 4905, Keesler maintains that Rivero’s appeal, filed on September 4, 2013, was untimely since the record demonstrates the clerk of court mailed notice of judgment on August 23, 2013.
La. C.C.P. art. 4905, after its amendment by La. Acts 2001, No. 512, § 1 states, “Notice of the signing of a final judgment shall be given as required by Article 1913.” La. C.C.P. art. 1913 provides in relevant part:
A. Except as otherwise provided by law, notice of the signing of a final judgment ... is required in all contested cases, and shall be mailed by the clerk of court to the counsel of record for each party, and to each party not represented by counsel....
D. The clerk shall file a certificate in the record showing the date on which, and the counsel and parties to whom, notice of the signing of the judgment was mailed.
Before its 2001 amendment, La. C.C.P. art. 4905 provided in relevant part:
B. When the party who is entitled to notice of judgment does not have counsel of record, the notice shall be served by a proper officer upon the party, either personally or at his domicile.
C. When the- party who is entitled to notice of judgment has counsel of record, notice shall be given by mailing or delivering a copy of the judgment to the counsel of record.
| (¡Interpreting the earlier version of La. C.C.P. art. 4905, the Louisiana Supreme Court held that the appeal delay from a city court judgment commenced upon receipt of the notice of judgment rather than the mailing of the notice of judgment. See Myles v. Turner, 612 So.2d 32, 35 (La. 1993). Keesler urges that the amendment to La. C.C.P. art. 4905 legislatively overruled Myles. We disagree.
In Myles, the supreme court reasoned that notice of judgment was clearly necessary under the former version of La. C.C.P. art. 4905C, and that under La. C.C.P. art. 5002, “service of notice” commenced the appeal delay. Despite the change in the substantive content of La. C.C.P. art. 4905, under the new provisions, notice of judgment is also clearly necessary in this case. See La. C.C.P. art. 1913A. And because the legislature did not change the provisions of La. C.C.P. art. 5002, “service of notice of judgment, when such notice is necessary,” remains the basis for commencing the appeal delay in city court. Therefore, applying the Myles holding, as we are bound to do, the date of receipt of the notice of judgment is the determinative commencement of the ten-day appeal delay set forth in La. C.C.P. art. 5002. Because the record establishes that notice of judgment was mailed by the clerk of court on August 23, 2013, and through Rivero’s testimony that he received the notice of judgment on August 27, 2013, he had ten days or until September 6, 2013 to file his request for an appeal of the August 22, 2013 judgment. His pleadings indicating his intent to appeal, filed on September 4th and 5th, 2013, were, therefore, timely asserted.[2]
While we appreciate, as Keesler has pointed out, that by referencing La. C.C.P. *1221 art. 1913 in the 2001 amendment to La. C.C.P art. 4905, the legislature addressed the Myles court’s concern that the status of the appeal procedure prior |4thereto did not require a certification by the clerks of the city courts and made certainty of the date of mailing potentially as unfixed as certainty of receipt, the procedural provisions that commence the appeal delay in city court remain unchanged. In light of the policy favoring appeals without straining to find an interpretation different from the common sense meaning of the language of La. C.C.P. art. 5002, see Myles, 612 So.2d at 35, we believe that we must find, as the city court judge did, that the appeal is timely. See and compare Erazo v. Morton, 2009-661 (La.App. 5th Cir.3/9/10), 33 So.3d 952, 954-55 (the appeal was untimely where motion was not filed until ninety-six days after appellant’s receipt of notice of judgment); Hacienda Constr., Inc. v. Newman, 2010-18 (La.App. 5th Cir. 6/29/10), 44 So.3d 333 (noting the Myles court’s holding that receipt of notice of judgment is required rather than mailing of notice of judgment, where the record did not contain a date of mailing of notice of judgment, or ostensibly a date of receipt of notice of judgment, appellant’s actual knowledge of judgment was insufficient to support dismissal of appeal as untimely).
SUMMARY JUDGMENT
A motion for summary judgment will be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966B. Appellate courts review summary judgments de novo, using the same criteria that govern the trial court’s consideration of whether summary judgment is appropriate. Honor v. Tangipahoa Parish Sch. Bd., 2013-0298 (La.App. 1st Cir.11/1/13), 136 So.3d 31, 35, writ denied, 2014-0008 (La.2/28/14), 134 So.3d 1181. Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is “material” for summary judgment purposes can be seen only in light of the substantive law applicable to the Lease. Guardia v. Lakeview Reg’l Med. Ctr., 2008-1369 (La.App. 1st Cir.5/8/09), 13 So.3d 625, 628.
In proving an open account, a plaintiff first must prove the account by showing that the record of the account was kept in the course of business and by introducing supporting testimony regarding its accuracy. Once a prima facie case has been established by a plaintiff-creditor, the burden shifts to the debtor to prove the inaccuracy of the account or to prove that the debtor is entitled to certain credits. Louisiana Eggs, Inc. v. Gunter Farms, Inc., 2001-0932 (La.App. 1st Cir.4/2/03), 844 So.2d 400, 402.
Rivero asserts on appeal that the earlier denial of a motion for summary judgment resulted in a determination by the city court that he was a victim of identity theft, which cannot be relitigated under the principles of res judicata. See La. R.S. 13:4231.[3] Thus, he asserts, the *1222 later grant of summary judgment resulted in a legal error.
It is well settled that denial of summary judgment is an interlocutory judgment, to which res judicata does not apply. According to the jurisprudence, even though | ^summary judgment has been denied previously, it may be rendered later. First Homestead Fed. Sav. & Loan Ass’n v. Harrington, 491 So.2d 736, 737-38 (La.App. 5th Cir.1986) (citing Arnold v. Stupp Corp., 249 So.2d 276, 277-78 (La.App. 1st Cir.1971)). Thus, the city court did not commit error in considering anew Kees-ler’s second motion for summary judgment. And because res judicata principles do not apply, the city court did not err in resolving the issue of whether Rivero was a victim of identity theft in a different manner unless Keesler failed its initial burden of proof.
In support of the second motion for summary judgment, admitted into evidence on behalf of Keesler was the affidavit of its assistant vice president, Albert L. Lord, who attested that: he was personally familiar with the account; there was an outstanding balance of $21,827.70; and he was the custodian of attached documents, which were true copies of originals that had been maintained in the course and scope of Keesler’s business operations. Rivero’s credit card application, dated January 22, 2007, and bearing his signature; the cardmember agreement establishing a line of credit in favor of Rivero; and statements itemizing the purchases commencing on February 18, 2008 and running through June 21, 2010 recorded to the account that bears Rivero’s name and that were sent to his home address were also entered into evidence by Keesler. In addition, Keesler included into evidence a letter dated November 13, 2007, sent by Rivero requesting in longhand that minimum monthly payments automatically be tendered to the Keesler account from his savings account, which Keesler urges constitutes Rivero’s admission of custody of the credit card account. Lastly, Keesler submitted an affidavit and report from a handwriting expert, Mary Ann Sherry, who opined that the signatures on: the application for the credit card; the November 13, 2007 handwritten letter to Keesler; the member information form; the account agreement; the signature page of Rivero’s pleading filed on 17February 3, 2012, answering the lawsuit; and two letters to the clerk of the city court had all been made by the same writer.
In response to Keesler’s showing, Rive-ro offered no evidence. Thus, his pleading averring that he had been the victim of identity theft was the only counter to Keesler’s evidentiary showing.
When a motion for summary judgment is made and supported by affidavits made on personal knowledge, a party may not rely upon his pleadings but must by “affidavit, or as otherwise provided, set forth specific facts showing that there is a genuine issue for trial.” See La. C.C.P. art. 967B.
*1223 The last statement that Keesler introduced in support of its motion was dated June 21, 2010, and this lawsuit was filed on January 31, 2012, with an answer from Rivero dated February 3, 2012. According to a copy of “Identity Theft Victim’s Complaint to the Federal Trade Commission and Affidavit” dated March 8, 2012, Rivero attested that he first learned of the existence of the Keesler account on approximately January 31, 2012. He stated, “I do not know who stole or misused my personal information, how it was stolen or any other aspect of the crime.”
In light of the strong showing made by Keesler, including thirty statements addressed to Felix Rivero at the same address he provided in his answer and subsequent legal filings with the city court; the handwritten letter to Keesler seeking an automatic payment from his savings account to pay toward the outstanding balance in November 2007; and the expert affidavit opining that the same writer signed the various documents, we agree with the city court judge that Rivero has failed to set forth specific facts that show there is a genuine issue of material fact that would warrant a trial on the matter. Accordingly, we conclude the city court Iscorrectly granted summary judgment awarding $21,812.20, interest, attorneys’ fees, and court costs on the open account to Keesler.[4]
DECREE
For these reasons, the judgment of the city court, granting summary judgment in favor of Keesler Federal Credit Union is affirmed. Appeal costs are assessed against defendant-appellant, Felix F. Rive-ro.
AFFIRMED.

. There is no palpable error by the city court's grant of an appeal despite Rivero's failure to attach an order to his request. As a pro se litigant, the city court may afford leeway and patience by liberally construing Rive-ro's pleadings. See Manichia v. Mahoney, *1221 2010-0087 (La.App. 4th Cir.8/4/10), 45 So.3d 618, 622, writ denied, 2010-2259 (La. 11/24/10), 50 So.3d 829 (relying on Price v. Kids World, 2008-1815 (La.App. 1st Cir.3/27/09), 9 So.3d 992, 996, writ not considered, 2009-1340 (La.9/25/09), 18 So.3d 94).

. The res judicata principles applicable to causes of action in Louisiana are statutorily set forth in La. R.S. 13:4231, which provides:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
*1222 (1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(3)A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

. Although Keesler.filed an answer with this court, seeking attorneys’ fees under La. R.S. 9:2781 for defending the appeal, the matter was not briefed and, therefore, considered abandoned. See La. U.R.C.A. Rule 2-12.4. To the extent that the request was for the extensive defense suggesting the appeal was not properly before this court, having been unsuccessful, Keesler is not entitled to attorneys' fees on that basis either. See La. C.C.P. art. 2164.