TOBIAS, J.,
concurs in the result and assigns reasons.
hThe “consent judgment” of 17 October 2013[1] (hereinafter referred to as the “Judgment”) in this case is a final judgment based upon a compromise read into the record in open court on 21 August 2013. A party in interest to the Judgment would have ten days from receipt of the notice of judgment to appeal.[2] La. C.C.P. art. 5002; Myles v. Turner, 612 So.2d 32 (La.1993). The Judgment was drafted by the plaintiffs counsel, who signed it and delivered it to the defendant’s counsel.[3] The defendant’s counsel would not respond to the plaintiffs counsel’s requests to sign the draft Judgment, resulting in the plaintiffs counsel submitting the Judgment to the court for signature by the judge; the judge did not sign the Judgment until an attempt was made by the judge’s staff to obtain defense counsel’s signature thereon.[4] When defense counsel failed to respond to the court’s request, the judge signed the Judgment.[5]
The Judgment superseded the compromise read into the record. Under the literal terms of the Judgment although it was contemplated that the defendant 12would make monthly payments of $500 on the first day of each month commencing 1 October 2013, with a final balloon installment of $1,500 on 3 March 2014, the Judg *213 ment is silent as to what happens/happened if the defendant did not make the $500 payments each month. By virtue of the defendant paying $4,000 in January 2014, he timely made payment as literally stated in the Judgment. (In essence, the Judgment as written was probably more favorable to the defendant than what was apparently intended by the plaintiff by the compromise read into the record; that is, the plaintiff probably intended that the failure to pay any installment of the $4,000 would result in the original amount sued for ($11,920) being owed.)
If the plaintiff was incorrect in the recitation of the terms of the written Judgment, the plaintiff was procedurally obligated to either follow the provisions of La. C.C.P. art. 2592(11) [now La. C.C.P. art. 2592(12) ] or file a petition for nullity under La. C.C.P. art. 2001, et seq., to correct the error.[6] The failure to do so justified the defendant to seek a cancellation of the writ of fieri facias and a release of the judgment of garnishment.
Thus, the trial court did not err in can-celling the writ and vacating the garnishment.
I respectfully concur in the result reached by the majority to affirm the trial court’s judgment.

, Notice of judgment issued the same day.

. I pretermit a discussion of whether a party may appeal a consent judgment.

. At the time of the transmittal, the defendant had already timely made the $5,000 payment due on 26 August 2013 as contemplated by the compromise read into the record.

. I pretermit a discussion of the ethical questions and lack of professionalism shown by defense counsel's refusal/failure to respond to plaintiff’s counsel's requests.

. A better procedure would have been to rule the defendant into court to show cause why the Judgment should not be signed by the court.

. The ill practice under La. C.C.P. art. 2004 B would be defense counsel’s failure to sign the draft Judgment sent to him.