GERALD J. CALOGERO     *     NO. 2019-CA-0347

VERSUS     *

USA AGENCIES CASUALTY     *     COURT OF APPEAL

INSURANCE COMPANY, INC.     FOURTH CIRCUIT

    *

    STATE OF LOUISIANA

* * * * * * *

APPEAL FROM
FIRST CITY COURT OF NEW ORLEANS
NO. 2014-01733-F, SECTION "A"
Honorable Monique G. Morial, Judge
* * * * * *
**Judge Edwin A. Lombard**
* * * * * *

(Court composed of Judge Edwin A. Lombard, Judge Joy Cossich Lobrano, Judge Sandra Cabrina Jenkins)

*LOBRANO, J., DISSENTS AND ASSIGNS REASONS*

Vincent J. Glorioso, Jr.
Vincent J. Glorioso, III
THE GLORIOSO LAW FIRM
2716 Athania Parkway
Metairie, LA 70002
-AND-
Stephanie A. Fratello-Adams
ATTORNEY AT LAW
3017 21st Street, Suite 211
Metairie, LA 70002

    COUNSEL FOR PLAINTIFF/APPELLANT

Matthew W. Bailey
McDonald G. Provosty
IRWIN FRITCHIE URQUHART & MOORE, LLC
400 Poydras Street, Suite 2700
New Orleans, LA 70130

    COUNSEL FOR DEFENDANT/APPELLEE, LOUISIANA INSURANCE
    GUARANTY ASSOCIATION

**APPEAL DISMISSED**

**DECEMBER 4, 2019**

A review of the record in this appeal filed by the plaintiff/appellant, Gerald Calogero, reveals that it was not timely filed and, consequently, this Court is without jurisdiction to consider it on the merits.

***Relevant Facts and Procedural History***

The litigation underlying this appeals stems from a February 7, 2014 automobile accident, wherein the plaintiff's vehicle was struck by the vehicle of an at-fault driver, Michael Klying, who was insured by USAgencies Casualty Insurance Company, Inc. (USAgencies). After the accident, the plaintiff submitted a claim to USAgencies and notified his own insurer, USAA Casualty Insurance Company (USAA), of the accident. USAgencies issued a check to the plaintiff for the damage to his vehicle on February 11, 2014,[1] but then stopped payment of he check. The plaintiff's insurer (USAA) issued a check to him for his property damage on February 25, 2014, and then initiated a subrogation claim against USAgencies.

This lawsuit was filed on March 13, 2014, alleging that (1) under Louisiana bad faith statutes, USAgencies is liable for penalties and attorney's fees; and (2)

---

[1]The plaintiff settled his bodily injury claim separately with USAgencies.

1

USAgencies is liable for property damage, lost wages, and rental vehicle expenses. Subsequently, USAgencies was renamed Affirmative Casualty Insurance Company (Affirmative) and then, on April 11, 2016, declared insolvent. On July 12, 2017, based on Affirmative's insolvency, the Louisiana Insurance Guaranty Association (LIGA) filed a petition for intervention, asserting all of Affirmative's rights and duties pursuant to the LIGA law, La. Rev. Stat. 22:2051, *et seq.*[2]

LIGA filed a motion for partial summary judgment which was granted on April 19, 2018, claiming a dollar-for-dollar credit for all sums that USAA paid Mr. Calogero and arguing that LIGA has no liability for the plaintiff's bad faith claims against USAgencies. In opposition to the motion, the plaintiff argued that LIGA is not entitled to immunity from attorney's fees arising from a bad faith claim. The district court granted partial summary judgment in favor of LIGA on April 19, 2018, dismissing the plaintiff's bad faith claims for penalties and attorney fees against LIGA and finding that he had already been compensated by USAA for his property damage and, therefore, had no further property damage claim against LIGA.

The plaintiff's motion for reconsideration was denied on August 1, 2018. After a trial on September 12, 2018, the district court rendered judgment on September 28, 2018, finding: (1) USAgencies was liable to the plaintiff for $3,105.81 plus court costs, interest, penalties, and attorney's fees due to bad faith; and (2) LIGA was found liable to the plaintiff for rental car expenses in the amount of $275.88 plus interest.

---

[2] "The purpose of this Part [the LIGA law] is to provide for the payment of covered claims under certain insurance policies with a minimum delay and a minimum financial loss to claimants or policyholders due to the insolvency of an insurer, to provide financial assistance to member insurers under rehabilitation or liquidation, and to provide an association to assess the cost of such operations among insurers." La. R.S. 22:2052.

On October 5, 2018, the plaintiff filed a motion to amend judgment and/or motion for new trial seeking to amend certain phraseology in the decretal language and a new trial on the issues of calculation of attorney's fees, court costs, and rental car expenses. On November 16, 2018, the district court denied the motion for new trial and a notice of signing judgment was issued by the clerk of court on the same date.

The plaintiff filed a motion for devolutive appeal on January 11, 2019.

*Applicable Law*

The delay for appeal from First City Court of New Orleans is governed by La. Code Civ. Proc. art. 5002, which provides, in pertinent part, that "[a]n appeal from a judgment rendered by a city court or a parish court may be taken only within ten days from the date of the judgment or from the service of notice of judgment, when such notice is necessary." Although "the 10-day appeal delay provided for in La. Code Civ. Proc. art. 5002 commences to run upon *receipt* of notice of judgment rather than upon the mere mailing of said notice," *Myles v. Turner*, 612 So.2d 32, 35 (La. 1993) (emphasis in original), Rule 6, § 7 of the Rules of First City Court of the City of New Orleans specifically provides:

> Section 7: When an attorney whose name is shown on any pleading as provided in Section 6 hereof moves his office from one location to another, he must change his address on all pleadings which he has previously filed an on which the former address has been shown. **The failure to do so will bar such attorney from pleading the nonreceipt of notice mailed by the Court to his address originally shown on the pleadings**.

(emphasis added); *see also*, Rule 9.7, Rules of Louisiana District Court ("The correct mailing address, street address, phone number, facsimile number, and e-mail address, if any, of the person signing the pleading, an in the case of an

3

attorney, the Louisiana Bar Identification Number, shall appear below the signature.").

***Relevant Facts***

On April 16, 2019, this Court ordered the plaintiff to show cause in writing why the appeal should not be dismissed as untimely, considering that the motion for appeal was filed fifty-four days after the mailing of the notice of signing of judgment, well beyond the ten day delay for an appeal from a judgment rendered by a city court. In response, the plaintiff/appellant submitted the affidavit of his attorney, who attested that she never received the November 16, 2018, notice of signing of judgment from First City Court, and, moreover, that on November 1, 2018, she had moved her law office from 3900 North Causeway Blvd., Suite 1200, Metairie, Louisiana, to 3017 21st Street, Suite 211, Metairie, Louisiana. As acknowledged by the plaintiff's counsel, the record reflects that the November 16, 2018, notice of signing of judgment from First City Court was mailed to plaintiff through counsel at the address of 3900 North Causeway Blvd., Suite 1200. The record further reflects that throughout November 2018 and into January 2019, the counsel continued to use the 3900 North Causeway Blvd. address on pleadings and e-mail correspondence with both opposing counsel and the law clerk for the First City Court trial judge.[3]

---

[3] On November 19, 2018, the plaintiff's counsel filed in First City Court an Opposition to LIGA's *Ex Parte* Request for New Trial. The address stated on that signed pleading was 3900 North Causeway Blvd., Suite 1200, Metairie, Louisiana. The record reflects the next filing by plaintiff''s counsel as a motion to enroll additional counsel, on January 9, 2019, which stated her address as 3017 21st St., Suite 211, Metairie, Louisiana. However, the record also reflects e-mail correspondence between plaintiff's counsel, opposing counsel, and the law clerk for the First City Court trial judge, on January 14 and 24, 2019, which included plaintiff's counsel's address as 3900 North Causeway Blvd., Suite 1200.

*Conclusion*

In light of the relevant statutory requirements for filing a timely appeal and the Rules of Court regarding signed pleadings, the instant appeal is untimely and this Court is without jurisdiction to consider its merits. Accordingly, this appeal is dismissed with prejudice.

**APPEAL DISMISSED.**