NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

23-684

MICHAEL MUNN

VERSUS

PAUL GAGNON

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2022-5323
HONORABLE KENDRICK J. GUIDRY, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**D. KENT SAVOIE**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Shannon J. Gremillion, D. Kent Savoie, and Wilbur L. Stiles, Judges.

**APPEAL DISMISSED.**

**Corey E. Dunbar**
**Pivach, Pivach, Thriffiley & Dunbar, L.L.C.**
**8311 Highway 23, Suite 104**
**Belle Chasse, Louisiana 70037**
**(504) 394-1870**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Paul Gagnon**

**James E. Sudduth, III**
**Ross M. Murray**
**Sudduth & Associates, LLC**
**1109 Pithon Street**
**Lake Charles, Louisiana 70601**
**(337) 480-0101**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
     **Michael Munn**

**SAVOIE, Judge.**

Defendant Paul Gagnon appeals the trial court's confirmation of a default judgment entered on May 2, 2023, in favor of Plaintiff Michael Munn. Upon the filing of the appeal, Mr. Gagnon was ordered to show cause why the appeal should not be dismissed as untimely. For the reasons stated herein, we dismiss the appeal.

The applicable statutory timelines for filing a devolutive appeal are found in La.Code Civ.P. art. 2087, which states in pertinent part:

> A. Except as otherwise provided in this Article or by other law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken within sixty days of any of the following:
>
> (1) The expiration of the delay for applying for a new trial or judgment notwithstanding the verdict, as provided by Article 1974 and Article 1811, if no application has been filed timely.
>
> (2) The date of the mailing of notice of the court's refusal to grant a timely application for a new trial or judgment notwithstanding the verdict, as provided under Article 1914.
>
> . . . .
>
> C. When one or more parties file motions for new trial or for judgment notwithstanding the verdict, the delay periods specified herein shall commence for all parties at the time they commence for the party whose motion is last to be acted upon by the trial court.

Neither a motion for new trial nor a judgment notwithstanding the verdict was filed in this matter; therefore, Mr. Gagnon must have filed his devolutive appeal within sixty days of the expiration of the delay for applying for a new trial or judgment notwithstanding the verdict. Judgment was entered in this matter on May 2, 2023. "A party may file a motion for a new trial not later than seven days, exclusive of legal holidays, after the clerk has mailed or the sheriff has served the notice of judgment as required by Article 1913." La.Code Civ.P. art. 1974. Similarly, "[n]ot later than seven days, exclusive of legal holidays, after the clerk

has mailed or the sheriff has served the notice of judgment under Article 1913, a party may move for a judgment notwithstanding the verdict." La.Code Civ.P. art. 1811(A)(1). The record indicates that the deputy clerk of court mailed the notice of judgment on May 2, 2023. Allowing for the delays to file a motion for new trial or a judgment notwithstanding the verdict, Mr. Gagnon was required to file a devolutive appeal sixty days from May 11, 2023, such date being July 10, 2023. Paul Gagnon filed his Motion and Order for Devolutive Appeal on August 14, 2023.

Mr. Gagnon cites to *Myles v. Turner*, 612 So.2d 32 (La.1993), for the proposition that delays for appeal begin to run from receipt of notice rather than the mailing of the notice. *Myles* is inapplicable, however, because it concerns an appeal from a city court judgment. Appeals from city court judgments are governed by La.Code Civ.P. art. 5002, which specifically states that an appeal from a city court judgment must be taken within ten days of the judgment "or from service of notice of judgment[.]" As such, *Myles* does not apply to the present case.

Mr. Gagnon's main complaint is that he never received a certified copy of the Petition for Money Due or Notice of Judgment from the Clerk's Office. Because we have determined that this appeal is untimely, his recourse lies in an action for nullity. *See* La.Code Civ.P. art. 2001–06.

Based on the foregoing, we find that the appeal before us is untimely and is hereby dismissed. Costs of this appeal are assessed to Paul Gagnon.

**APPEAL DISMISSED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.

2