DRAKE, J.
taThe appellants/defendants Jacob Hester, Amanda Hester, and International Fidelity Insurance Company appeal a motion for partial summary judgment granted in favor of the appellees/plaintiffs, Solid Rock Technologies, L.L.C. and Heavenly Home *338 Consulting, L.L.C. For the reasons that follow, we reverse.

FACTS AND PROCEDURAL HISTORY

This litigation arises out of a lien filed by the plaintiffs, Solid Rock Technologies, L.L.C. (Solid Rock) and Heavenly Home Consulting, L.L.C. (Heavenly Home). Solid Rock and Heavenly Home provided labor and materials for a new construction residential project located on Lot 126, in the Settlement at Willow Grove Subdivision, with a municipal address of 11406 The Gardens Drive, Baton Rouge, Louisiana.[1] The residence was purchased by Jacob and Amanda Hester on November 24, 2008. Subsequent to the purchase of the residence by the Hesters, Solid Rock and Heavenly Home filed a lien on Decem- . ber 4, 2008, pursuant to the Louisiana Private Works Act (LPWA),[2] alleging they were owed $24,321.85 for unpaid subcontracting work performed on the project.[3] The affidavit to secure privilege stated that Solid Rock and Heavenly Home contracted with the owners, Alan Joseph and/or Laurel Lane Investments, L.L.C. (Laurel Lane), and the general contractor, Willie Joseph, to perform work on the project. The Hesters were not named in the lien. On December 15, 2008, Solid Rock and Heavenly Home made demand against the owners, Alan Joseph, Anna Joseph, and | aLaurel Lane; the general contractor, Willie Joseph; and the purchasers, the Hesters, in the amount of $24,318.85.
Solid Rock and Heavenly Home filed a petition to enforce lien on March. 25, 2009, against Alan Joseph, Laurel Lane, Willie Joseph, and Jacob and Amanda Hester. In their petition, the plaintiffs alleged the price of their subcontracting services totaled $33,477.35. After receiving partial payments totaling $10,302,78, the plaintiffs alleged the remaining balance due them was $2,521.00 to Heavenly Home and $20,653.57 to Solid Rock, for a total of $23,174.57. Solid Rock and Heavenly Home filed notice of lis pendens on August 26, 2009, which stated that the plaintiffs were “subcontractors to Alan Joseph, Laurel Lane Investments, LLC and Willie Joseph, all acting as. general contractor.” (Emphasis added.)
After a period of ownership* the Hesters decided to sell the property, but were unable to provide clear title due to the lien. The Hesters secured a lien bond through International Fidelity, and the release of lien bond wás filed on November 23, 2009. Solid Rock and Heavenly Home filed a supplemental and amended petition on June 9, 2010, adding International Fidelity as a defendant.
On February 17, 2011, the Hesters and International Fidelity filed a peremptory exception of no cause of action. These defendants alleged they were not named in the affidavit to secure privilege, and they further argued that under the LPWA, Solid Rock and Heavenly Home do not have a valid claim against them; therefore, the lien was improperly filed. Following a hearing on May 9, 2011, the trial court *339 denied the defendants’ exception ■ and signed a judgment to that effect on June 15,2011.
On June 7, 2011, Solid Rock and Heavenly Home filed a motion for summary judgment against the • defendants, Jacob Hester, Amanda Hester, and International Fidelity, on the basis that pursuant to the LPWA, specifically La. R.S. 9:4802 and 9:4806, the Hesters and their surety, International Fidelity, were liable |4to the plaintiffs for their labor and materials incorporated into the residence purchased by the Hesters. The Hesters and International Fidelity opposed the motion. Following a hearing on' August 19, 2013, the trial court granted partial summary judgment in favor of Solid Rock in the amount of $20,653.57, and in favor of Heavenly Home in the amount of $2,521.00.
The trial court signed a judgment to this effect on December 3, 2014. In the judgment, the trial court scratched through language designating the judgment as final under La. C.C.P. art.' 1915(B). The Hes-ters and International Fidelity applied for supervisory writs with this court.’ On March 27, 2015, this court (Whipple!,* McClendon, and Higginbotham) issued an action noting that the judgment was a final, appealable judgment pursuant to La. C.C.P. art. 1915(A)(3) and ordered the district court to grant the Hesters and International Fidelity an appeal pursuant to their notice of intent to seek writs.[4] See In Re Jacob Hester, Amanda Hester, and International Fidelity Insurance Company, 2015-0002 (La.App. 1 Cir. 3/27/15) (urn. published writ action).

Motion to Withdraw

„ The instant appeal was lodged on August 24, 2015. On October Í5, 2015, G. Steven Duplechain, . APLC, appearing through Steven Duplechain, counsel for the plaintiffs, Solid Rock and Heavenly Home, filed a motion to withdraw as counsel. On January 12, 2015, this court (Gui-dry, Drake, and Holdridge) denied counsel’s motion to withdraw. See In Re On Motion of G. Stephen Duplechain, to Withdraw as Counsel of Record, 2015-1290 (La.App. 1 Cir. 1/15/16) (unpublished),

LAW AND DISCUSSION

Standard of Review

A trial court may render partial summary judgment as to one hr more, but less than all of the- claims, demands, issues, and theories of recovery. See La. C.C.P. art. 1915(A)(3)-and 966(E). A motion for summary judgment is properly granted if the pleadings,- depositions, answers to interrogatories, and admissions, together with affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue of material fact, and that mover is entitled to judgment as a matter of law.[5] La. C.C.P. art. 966(B)(2).
*340 The burden of proof on a motion for summary judgment is on the' moVant. However, if the movant will" not bear the burden of proof at trial on the matter that is before the court on the motion, the movant’s burden on the motion does not require' him to negate all essential elements of the adverse party’s' clairh,' but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim. Thereafter,-if the adverse party fails toproducefactual evidence sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact, and the mover if entitled to summary judgment. La. C.G.P. art. 966(C)(2). •' ■
An appellate court’s review of a summary judgment is de novo review based on the evidence presented to the trial court, using the same criteria used by the trial court in deciding whether a summary judgment should be granted,' Kessler Federal Credit Union v. Rivero, 2014-0095 (La.App. 1 Cir. 9/19/14), 153 So.3d 1218, 1221. Because it is the applicable substantive law that determines ^materiality, whether a particular fact in dispute is “material” for • summary judgment purposes can be seen, only in light of the substantive law .applicable to the case. Shipp v. Landry, 2013-1673 (La.App. 1 Cir. 5/2/14), 147 So.3d 721, 725, The substantive issues involved herein fall under the LPWA, as discussed below.

The LPWA

The motion for summary judgment at issue here aros.e in the context of a.suit under the LPWA, La. R.S. 9:4801 et seq., which provides a method for subcontractors and other persons to recover the costs of labor and/or materials from a party with whom there is no contract. Simms Hardin Co., L.L.C. v. 3901 Ridgelake Drive, L.L.C., 2012-469 (La.App. 5 Cir. 5/16/13), 119 So.3d 58, 65, writ denied, 2013-1423 (La.9/27/13), 123 So.3d 726. A subcontractor has a claim against the owner of. an immovable for the price of professional services rendered in connection with work that is-undertaken by the subcontractor. La. R.S. 9:4802(A)(1). The claim against the owner shall be secured' by a privilege on the .immovable on which the work is performed. La. R.S. 9:4802(B). The claim against an owner under La. R.S. 9:4802 is limited to: (1) the owner(s) who have contracted with the contractor, or (2) the owner(s) who have agreed in writing to the price and work of the contract of a lessee. La. R.S. 9:4806(B). For purposes of the LPWA, an owner is defined as “[a]n owner, co-owner, naked owner, owner of a predial servitude, possessor, lessee, or other person owning or having the right to the use or enjoyment of an immovable or having an interest therein ... ”, La. R.S. 9:4806(A). The privilege granted by La. R.S. 9:4802 affects only the interest in or on the immovable enjoyed by the owner whose obligation,is,-,secured by,the privilege. La. R.S. 9:4806(C); Cajun Constructors, Inc. v. EcoProduct Solutions, LP, 2015-0049 (La.App. 1 Cir. 9/18/15), 182 So.3d 149, writ denied, 2015-1908 (La.11/20/15), 180 So.3d 1287. Thus, the lien can , only, be filed against the lyimmovable property of an individual or entity who owes an obligation to the party or parties seeking to file the lien.
Louisiana Revised Statutes -9:4822(G) mandates that the statement of privilege or lien meets specific requirements, including that the lien “[sjhall set forth the amount and nature of the obligation giving *341 rise to the claim or privilege and- reasonably itemize the elements comprising it including ... material supplied, or services rendered.” La. R.S. 9:4822(G)(4).
In their sole assignment of error, the Hesters and International Fidelity allege the trial court committed legal error by granting Solid Rock and Heavenly Home’s motion for summary judgment and finding them liable , under the LPWA. The defendants argue that for' purposés of the LPWA, they cannot be considéred “owners.” Solid Rock and Heavenly Home had no contract with the Hesters. Although the Hesters purchased the property after Solid Rock and Heavenly Home performed work on the residential project and before the applicable LPWA lien periods had run, under La. R.S. 9:4806(33), the Hesters are not owners who contracted with the contractor, nor are they owners who agreed in writing to the price and work of the contract of a lessee. Therefore, pursuant to La. R.S.. 9:4802, the subcontractors Solid Rock and Heavenly Home cannot have a LPWA claim against the Hesters because the Hesters are not considered “owners” as set forth by the LPWA.
Solid Rock and Heavenly Home filed their motion for summary judgment, a statement of uncontested facts, and a memorandum. The plaintiffs argued that pursuant to the LPWA, they have a claim' against the owner of the property at issue to secure payment for their subcontracting services, and further, that there is no genuine issue of material fact regarding the Hesters’ ownership of the property and the amount of the lien.. In support of the motion, Solid Rock and- Heavenly Home submitted: •
L(A) (1) Affidavit of Theodore Swan, manager of Solid Rock and Heavenly Home, executed on June 6, 2011 (labeled, Exhibit 2), and particular invoices attached thereto;
(2) Solid Rock Invoice 80608 LL for Lot # 84, -11469 Sugar Lane, dated August 6, 2008, in 'the amount of $2,062.28, billed to Laurel Lane (labeled, Exhibit 3), and an attached check from Laurel Lane paid to Solid Rock dated October 10, 2008, in the amount ■ of $558.00, representing, a payment/credit on Invoice 80608 LL for Lot # 84; ■
(3) Solid Rock Invoice 92208 LL for .Lot #126, dated September 22, 2008, in the ¿mount- of $7,150.40, billed to Laurel Lañé;
(4) Solid Rock Invoice 92308 AJ for Lot # 126, dated September 23, 2008, in the amount of $10,696.17, billed to Laurel Lane;
(5) Solid Rock Invoice 100208 AJ for Lot # 126, dated October 2, 2008, in the amount of $542.82, billed to Laurel Lane;
(6) Solid Rock Invoice 1007Ó8 AJ for Lot # 126, dated October 7, 2008, in the amount of $272.45, billed to Laurel Lane;
(7) Solid Rock Invoice 100908 AJ for Lot # 126, dated October 9, 2008, in the amount of $1,631.73, billed to Laurel Lane;
(8) Heavenly Home Invoice 72208 LLI for Lot #126, dated July 22, 2008, in the amount of $2,021.00, billed to Alan Joseph;
(9) Heavenly Home Invoice 92508 AJ for Lot # 126, dated September 25, 2008, in the amount of $245.00, billed to Alan Joseph; and
(10) Heavenly Home Invoice 111108 AJ for Lot # 80, dated November 11, 2008, in the amount of $255.00, billed to Alan Joseph;
(B) Photocopy, printed on June 2, 2011, of an Inspection Permit Data Sheet, Project Number: B-200711034, for *342 the new residential construction project located at 111406 The Gardens Drive (labeled, Exhibit 4);
(C) Owner’s (Seller’s) Affidavit of Laurel Lane, by its agent, Alan Joseph, executed on November 24, 2008 (labeled, Exhibit 6);
(D) Act of Cash Sale by Laurel Lane, through its agent, Alan Joseph, of Lot 126 at the Settlement at Willow Grove to Jacob and Amanda Hester, execut- ■ ed on November 24, 2008, filed in East Baton Rouge Parish, Original 109, Bundle 12109 (labeled, Exhibit 7), and a particular exhibit attached . thereto:
(c)(1) Jacob Hester’s Power of Attorney, executed on November 21, 2008;
(E) Affidavit to Secure Privilege on Lot 126, 11406 The Gardens Drive, Baton Rouge, executed, on December 4, 2008 by Solid Rock and Heavenly Home, through their agent, Ted Swan, naming owner Alan Joseph and/or Laurel Lane and general contractor Willie Joseph, filed in East Baton Rouge Parish, Original 735, Bundle 12110 (labeled, Exhibit 8);
(F) Copy of demand letter following the filing of the lien, sent from plaintiffs’ attorney, G. Steven Duplechain, dated December 15, 2008, to Alan Joseph; Anna' Joseph, Agent; Laurel Lane; Willie Joseph; and Jacob Hester (labeled, Exhibit 9), and particular exhibits attached thereto:
(1) copy of undeliverable letter to Laurel Lane; and
(2) copy of undeliverable letter to Jacob Hester;
(G) Builder’s Affidavit of Laurel Lane, designated as contractor for the Lot 126 project, not dated (labeled, Exhibit 10);
(H) Release of Lien Bond, executed on November 23, 2009 by the principals, Jacob and Amanda Hester, and their surety, International Fidelity, filed in East Baton Rouge Parish, Original 031, Bundle 12201 (labeled, Exhibit 11), and particular exhibits attached thereto:
■(1) International Fidelity’s Power of Attorney, executed on November 23, 2009;
(2) Affidavit to Secure Privilege on Lot 126, 11406 The Gardens Drive, Baton Rouge, executed on December 4, 2008 by Solid Rock and Heavenly Home, through their agent, Ted Swan, naming owner(s) Alan Joseph and/or Laurel Lane, and general contractor Willie Joseph, filed in East Baton Rouge Parish, Original 735, Bundle 12110 [duplicate of E];
(3) Cancellation of Encumbrance of the lien recorded in East Baton Rouge Parish at Original 735, Bundle 12110;
(4) Notice of Lis Pendens, filed in the 19th JDC, No. 576,787, recorded in East Baton Rouge Parish at Original 551, Bundle 12179; and
(5) Cancellation of Encumbrance of the Notice of Lis Pendens recorded in East Baton Rouge Parisji at Original 551, Bundle 12179;
(I)Cancellation of Encumbrance of the lien recorded in East Baton Rouge . Parish at Original 735, Bundle 12110 (labeled, Exhibit 11012) [duplicate of H(3) ], and a particular exhibit attached thereto:
(1) Affidavit to Secure Privilege on Lot 126, 11406 The Gardens Drive, Baton Rouge, executed on December 4, 2008 by Solid Rock and Heavenly Home, through their agent, Ted Swan, naming owner(s) Alan Joseph and/or Laurel Lane and general contractor Willie Joseph, filed in East Baton *343 Rouge Parish, Original 735, Bundle 12110-[duplicate of E and H(2) ];
(J) Cancellation of Encumbrance of the Notice of Lis Pendens recorded in East Baton Rouge Parish at Original 551, Bundle 12179 (labeled, Exhibit 13) [duplicate of H(5) ], and a particular exhibit attached thereto:
(1) Notice of Lis Pendens, filed in the 19th JDC, No. 576,787, recorded in East Baton Rouge Parish at Original 551, Bundle 12179 [duplicate of H(4) ];
(K) Affidavit of G. Steven Duplechain, attorney for Solid Rock and Heavenly Home, executed on June 6, 2011, regarding the defendants’ alleged non-response to Requests for Admission (labeled, Exhibit 14);
(L) Supplemental and Amended Petition of Solid; Rock and Heavenly Home filed June 9, 2010. (labeled, Exhibit 15), and particular exhibits attached thereto:
(1) Release of Lien Bond, executed on November 23, 2009 by the principals, Jacob and Amanda Hester, and their surety, International Fidelity, filed in East Baton Rouge Parish, Original 031, Bundle 12201 [duplicate of H]; and
(2) International Fidelity’s Power of Attorney, executed on November 23, 2009 [duplicate of H(l) ]; and
(M) Requests for Admissions and Interrogatory propounded upon International .Fidelity by the plaintiffs, filed June 9, 20Í0 (labeled, Exhibit 16).
The Hesters and International Fidelity opposed the plaintiffs’ motion for summary judgment. In support of their opposition, the defendants submitted:
(A) Affidavit to Secure Privilege on Lot 126, 11406 The Gardens Drive, Baton Rouge, executed on December 4, 2008 by Solid Rock and Heavenly Home, through their agent, Ted Swan, naming owner Alan Joseph and/or Laurel Lane, and general contractor-Willie Joseph, filed in East Baton Rouge Parish, Original 735, Bundle 12110 (labeled, Exhiibit 1);
ln(B) .Notice of Lis Pendens, filed in the . 19th JDC, No. 576,787, recorded in ■ East Baton Rouge Parish at Original ■ 551, Bundle 12179 (labeled, Exhibit 2);
(C> Solid Rock Invoice 80608 LL for Lot # 84,1Í469 Sugar Lane, dated August 6, 2008, -in the amount of $2,062.28, billed to Laurel Lane (labeled, Exhibit ' 3);- • '
(D) Heavenly Home Invoice 111108 AJ for Lot "# 80, dated November 11, ' 2008,'in the amount of $255.00, billed to Alan Joseph;
(E) One-page excerpt of the deposition of Theodore Swan, manager of Solid Rock and Heavenly Home (not dated) (labeled, Exhibit 4); and
(F) first page of the Act of Cash Sale by Laurel Lane, through its agent, Alan Joseph, of Lot 126 at the Settlement at Willow Grove to Jacob and Amanda Hester, executed on--November 24, . 2008, filed in East Baton Rouge Parish, Original 109, Bundle 12109 (labeled, Exhibit 5);
Solid Rock and Heavenly Home did not file a reply to the defendants’ opposition to their motion for summary judgment.
We must now examine de novo the pleadings, depositions, answers to interrogatories, and-admissions, together with any affidavits admitted for purposes of Solid Rock and Heavenly Home’s motion for summary judgment, to determine whether Solid Rock and Heavenly Home met their burden of proof that there is no genuine issue of material fact that -the Hesters are “owners” of the property for purposes of the LPWA. and are liable to *344 the plaintiffs for the amount of the lien. See La. C.C.P. art. 966(B)(2) and (C)(2).
In' théir statement of uncontested facts, Solid Rock and Heavenly Home state they contracted with Alan Joseph, agent for the general contractor — Willie 'Joseph, Sr., doing business as “Joseph & Son Contractors” — to perform work on the project. The plaintiffs further state that Laurel Lane was the owner of the- project. The parish’s inspection permit data sheet for the project indicates that Willie Joseph, Sr, ’ using the business name .“Joseph & Son Contractors” was the general contractor on the project. In his affidavit, Mr. Swan, agent for the plaintiffs, states | ^.that Willie Joseph, Sr. was the general contractor, but that all of his dealings and contacts were through Alan Joseph, who represented himself as the general contractor. The Owner’s (Seller’s). Affidavit executed by Laurel Lane through its agent, Alan Joseph, indicates that Laurel Lane was the owner of the property at issue; however, in Laurel Lane’s Builder’s Affidavit, Laurel Lane stated that it was the cóntractor who constructed the residence. In the Affidavit to Secure Privilege, Solid Rock and Heavehly Home state they contracted with Alan Joseph and/or Laurel Lane as owner, and 'with Willie Joseph, Sr., as general contractor, to perform subcontracting work. Additionally, the notice of Us pen-dens states that the plaintiffs were “subcontractors to Alan Joseph, .Laurel Lane Investments, LLC and Willie. Joseph, all acting as general contractor.” Finally, we note the Hesters are not named in the lien encumbering the property.
■ After-a thorough review, we conclude that there exist genuine issues of material fact regarding Solid Rock and Heavenly Home’s LPWA claims. We find no evidence Whatsoever admitted for purposes of Solid Rock and Heavenly Home’s motion for summary judgment tending to prove that the Hesters “contracted with the contractor” or “agreed in writing to the price and work of [a] contract of a lessee,” as is required by La. R.S. 9:4806(B) in order for a subcontractor to have an LPWA claim against an owner. See La. R.S. 9;4802(A)(1). As there is no evidence indicating that the Hesters contracted with Solid Rock or Heavenly Home, no legal basis exists to assess personal liability against the Hesters under the LPWA. Therefore, it was error for the lower court to grant summary judgment in the plaintiffs’ favor on the issue of the Hesters’ status as “owners” under the LPWA,
There also exist genuine issues of material fact regarding Solid Rock and Heavenly Home’s LPWA claim, specifically the price of their subcontracting work. See La. R.S. 9:4802(A)(1). In our de' novo review of the record, we' note [1sthat the affidavit to secure privilege filed by Solid Rock and Heavenly Home claimed that the owner(s), Alan Joseph and/or Laurel Lane, and the general contractor, Willie Joseph, Sr., were indebted to Solid Rock in the amount Of $21,797.85 and indebted to Heavenly Home in the amount of $2,521.00, for a total of $24,321.85. Attached to the copy of the affidavit to secure privilege submitted in connection with the petition to enforce lien is “Exhibit A,” which is a summary of the invoices representing the plaintiffs’ alleged unpaid subcontracting services. “Exhibit A” indicates that Heavenly Home provided subcontracting services in the amount of $2,521.00 and Solid Rock in the amount of $20,293.57, for a total of $22,814.57, which is $1,507.28 less than the amount claimed in the affidavit to secure privilege to'which “Exhibit A” is attached. “Exhibit A” merely lists invoice numbers and amounts; there is no itemization of the listed amounts, nor ,are there any invoices attached. The amount of the lien claimed in the demand letter, $24,318.85, does not *345 match the amount claimed in the lien ($24,321.85), nor does it match the invoice summary attached to the hen ($22,814.57). The amount of the alleged unpaid subcontracting services claimed in the petition to enforce hen, $23,174.57, does not match the amount claimed in the actual hen, the invoice summary attached to the hen, or the demand letter. Also, submitted in connection with the plaintiffs’ motion for summary judgment were nine invoices allegedly representing the plaintiffs’ subcontracting work completed on the residential project herein; however, two of the invoices represent work the plaintiffs completed on different lots in the same subdivision, but which are not the subject of this hen: Solid Rock Invoice 80608 LL for Lot #84 and Heavenly Home Invoice 111108 AJ for Lot #80. Based on evidence before us, there are genuine issues of material fact regarding the exact. amount of Solid Rock and Heavenly Home’s subcontracting work allegedly completed on this project. Furthermore, the affidavit to secure privilege does, not appear to conform to the LPWA’s hen 114itemization requirement, . La. R.S. 9:4822(G)(4). Based on our de novo review, we conclude there are material issues of fact that preclude a grant of summary judgment in the plaintiffs’ favor.

DECREE

Accordingly, the December 3, 2014 judgment of the trial court is reversed. This matter is remanded to the trial court for further proceedings consistent herewith. All costs of this appeal abe assessed to the plaintiffs, Solid Rock Technologies, L.L.C. and Heavenly Home Consulting, L.L.C.
REVERSED AND REMANDED.
WELCH, J., concurs in the result.

. Solid Rock sells and installs digital video and audio equipment and services. Heavenly Home is a data, phone, arid security consultant that provides labor and materials for delivery and installation of security systems, telephone systems, and data systems.

. See La. R.S. 9:4801 et seq.

.The affidavit to secure privilege filed by Solid Rock and Heavenly Home claimed that the owner(s), Alan Joseph and/or Laurel Lane, and the general contractor, Willie Joseph, Sr., were indebted to Solid Rock in the amount of $21,797,85 and indebted to,Heavenly Home in the amount of $2,521,00, for a total of $24,321.85.

. The trial court scratched .through language in the judgment designating the judgment as final under La. C.C.P. art'. 1915(B). Even so, under La. C.C.P. art. 1915(A)(3), a judgment that "[gjrants a motion for summary judgment, as provided by Articles 966 through 969, but not including a summary judgment granted pursuant to Article 966(E),” is a final, appealable judgment. The judgment at issue here grants summary judgment in favor of Solid Rock and Heavenly Home, and appears to terminate the litigation as to the Hesters and International Fidelity. Further, the judgment is not entered under Article 966(E), which applies to summary judgments “rendered dispositive of a particular issue, theory of recovery, cause of action, or defense.”

. Article 966 was recently amended by 2015 La. Acts 422, § 1; however, the new version of Article 966 does not apply to this case as the amendment did not become effective until ■January 1, 2016. Here, the pendency of the instant appeal on the effective date of 2015 *340 La. Acts 422 results in the application of the prior version of Article 966 to the instant matter.