# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 07-342

**FIRST CONSUMERS FINANCIAL, LLC**

**VERSUS**

**LARRY FRANK**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
LAFAYETTE CITY COURT, NO. 2006CV2430
PARISH OF LAFAYETTE, LOUISIANA
HONORABLE DON AARON, JR., CITY COURT JUDGE, PRO TEMPORE

**\*\*\*\*\*\*\*\*\*\***

**MARC T. AMY**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Marc T. Amy, and
Michael G. Sullivan, Judges.

**AFFIRMED.**

**Richard D. Bankston**
**335 S. Acadian Thruway**
**Baton Rouge, LA  70806**
**(225) 346-1999**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
      **First Consumers Financial, LLC**

**Larry Frank**
**In Proper Person**
**1118 Plaisance Street**
**Opelousas, LA 70570**

AMY, Judge.

The plaintiff filed suit seeking recovery under a promissory note as well as for interest and attorney fees. The trial court entered a default judgment, awarding the outstanding balance on the promissory note, but less attorney fees than the plaintiff sought. On appeal, the plaintiff seeks an increase in the attorney fees awarded. For the following reasons, we affirm.

## Factual and Procedural Background

First Consumers Financial, LLC filed a Petition in Suit on a Promissory Note in Lafayette City Court, asserting that the defendant, Larry Frank, failed to make the required installment payments. The note, which pertains to the financing of an automobile and is attached to the petition, provides as follows in the event of default:

> If you default, to the extent permitted by law, you agree to pay all the out-of-pocket collection costs and expenses we incur to collect this debt and realize on any security. You also agree to pay such additional collection costs and expenses that may be authorized by law, including collection/enforcement attorney fees in an amount not to exceed 25% of the total amount payable under this Contract.

First Consumers' petition sought the unpaid balance, interest, and attorney fees. Thereafter, First Consumers filed a Motion for Entry of Default Judgment which was granted by the trial court. The default judgment awarded First Consumers $4,079.90 with interest from date of judicial demand until satisfied, attorney fees of ten percent of the total amount, and all costs.

First Consumers appeals the default judgment, asserting that: "The Lafayette City Court erred in reducing the 25% attorney's fee to a 10% attorney's fee."

## Discussion

In its sole assignment of error, First Consumers asserts that the trial court erred in setting the attorney fees at ten percent of the amount recovered, rather than the

twenty-five percent it asserts was contractually provided for. It contends that twenty-five percent is reasonable given the nature of collections representation.

With regard to motions for default judgment brought in City Court, La.Code Civ.P. art. 4904 provides:

> A. In suits in a parish court or a city court, if the defendant fails to answer timely, or if he fails to appear at the trial, and the plaintiff proves his case, a final judgment in favor of plaintiff may be rendered. No prior default is necessary.
>
> B. *The plaintiff may obtain a final judgment only by producing relevant and competent evidence which establishes a prima facie case.* When the suit is for a sum due on an open account, promissory note, negotiable instrument, or other conventional obligation, prima facie proof may be submitted by affidavit. When the demand is based upon a promissory note or other negotiable instrument, no proof of any signature thereon shall be required.
>
> C. When the sum due is on an open account, promissory note, negotiable instrument, or other conventional obligation, a hearing in open court shall not be required unless the judge in his discretion directs that such a hearing be held. The plaintiff shall submit to the court the proof required by law and the original and not less than one copy of the proposed final judgment. The judge shall, within seventy-two hours of receipt of such submission from the clerk of court, sign the judgment or direct that a hearing be held. The clerk of court shall certify that no answer or no other pleading has been filed by the defendant. The minute clerk shall make an entry showing the dates of receipt of proof, review of the record, and rendition of the judgment. A certified copy of the signed judgment shall be sent to the plaintiff by the clerk of court.

(Emphasis added.) The supreme court has explained that a plaintiff "must establish the elements of a prima facie case with competent evidence, as fully as though each of the allegations in the petition were denied by the defendant." *Thibodeaux v. Burton*, 538 So.2d 1001, 1004 (La.1989). "In other words, the plaintiff must present competent evidence that convinces the court that it is probable that he would prevail on a trial on the merits." *Id.* While, on review, there is a presumption that the trial court rendered a default judgment on sufficient evidence, this presumption is

2

inapplicable when the record indicates otherwise. *Sessions & Fishman v. Liquid Air Corp.*, 616 So.2d 1254 (La.1993). *See also Moreau v. Griffith*, 96-683 (La.App. 3 Cir. 12/11/96), 685 So.2d 563.

In support of its motion, First Consumers attached the affidavit of its manager, Bob Chedville. The affidavit indicates that the promissory note was included as Exhibit "A-1." The note provides as follows with regard to payment of attorney fees upon default: "You also agree to pay such additional collection costs and expenses that may be authorized by law, including collection/enforcement attorney fees *in an amount not to exceed 25%* of the total amount payable under this Contract." (Emphasis added.) Mr. Chedville's affidavit further provides:

> 5.    Larry Frank is (are) truly and justly indebted, unto First Consumers Financial, LLC, in the amount of $4,079.90 together with interest thereon from the date of judicial demand at the rate of 27.00%, until satisfied, and an attorney's fee of Twenty Five Percent (25%) of that amount, and for all costs;
>
> 6.    He has confirmed the above facts by reviewing the records of First Consumers Financial, LLC, which records are kept in the ordinary course of business, under his supervision and control, and which are made at or near the time of the events and facts memorialized thereon, by persons with knowledge of said events and facts.

First Consumers presented no evidence regarding attorney fees other than the above statement by Mr. Chedville. Given that the promissory note anticipated a range of permissible attorney fees in an amount "not to exceed 25%," the trial court was not required to find that Mr. Chedville's conclusory statement that "an attorney's fee of Twenty Five Percent" was earned or was reasonable under the circumstances. Rather than constituting relevant and competent *evidence*, Mr. Chedville's statement in this regard merely constitutes a conclusory claim. No underlying evidence which would have demonstrated the reasonableness of the claimed fee of twenty-five percent was

3

provided. First Consumers' statements regarding the nature of collections representation are contained only in its brief to this court, not in its motion for default judgment. Thus, given the record presented to the trial court, we find neither error nor abuse of discretion in its assessment of a ten percent attorney fee as reasonable.

Neither do we find merit in First Consumers' contention that the trial court "modified" the attorney fee proven by the evidence or that any such modification required a hearing. Again, First Consumers merely asserted a claim to an attorney fee of twenty-five percent. The trial court was not required to find that it proved this claim with relevant and competent evidence indicating the reasonableness of that figure. Thus, there was no "modification" nor was any award contrary to the evidence presented. Furthermore, we note that La.Code Civ.P. art. 4904(C) provides for a hearing in open court only if "the judge in his discretion directs that such a hearing be held." We find no abuse of the trial court's discretion in its determination that a hearing was not required.

## DECREE

For the foregoing reasons, the default judgment is affirmed. All costs of this proceeding are assessed to the appellant, First Consumers Financial, LLC.

**AFFIRMED.**