WELCH, J.
Defendant-appellant, Evan C. Cooper ("appellant”), appeals a ruling from the City Court .of Port Allen, Parish of West Baton Rouge, ordering him to pay plaintiff-appellee, Bernell Ranson (“appellee”), $425.00 with judicial interest. The $425.00 represents an advance of one-half month’s rent provided by the appellee to the appellant in connection with a mobile home. For the reasons which follow, we affirm the judgment.
FACTS AND PROCEDURAL HISTORY
In June of 2014, the appellee responded to an advertisement posted by the appellant on Craigslist for the rental of a mobile home located on Dene’s Legacy Lane in Port Allen, Louisiana (referred to herein as the “premises”). .The appellant initially informed the appellee that the premises had been rented; however, shortly thereafter, the appellant re-contactéd the appellee to inform him that the premises was. back on the market due to deficiencies in the finances of the prospective lessors.
On June 25, 2014, the appellee sent the appellant $850.00 as a deposit for the mobile home, and on. June 80, 2014, at the appellant’s request, the appellee sent an additional .$425.00 to cover one-half of the rent for July. The appellee notified the appellant that he would be traveling from Colorado to Louisiana to view the premises in person. The parties made arrangements to meet on July 7, 2014; however, the appellant did not show up. When the appellee arrived, he found that the electricity was not turned on as promised and there was no kennel for his dogs. Further, the appellee was displeased to learn that the premises was situated approximately 100 yards from a race car track and that a neighboring mobile home was located approximately 20 feet from the premises.
Text messages exchanged between the parties demonstrate that on -July 5, 2014, prior to the appellee’s arrival in Louisiana, the appellant offered , the appellee the opportunity to view another mobile home he was offering for' rent. The appellee ultimately declined both properties. A text *1256 message dated July 8, 2014 from the appellant states: “This evening you informed me neither trailer will work to your satisfaction, and requested a refund. When lost rent and time expended on re-renting the trailer is tallied, a complete accounting will be provided.” The appellant found another lessor for the premises, who moved in on August 15, 2014.
The appellant never returned the deposit and rental fees to the appellee, which led to the appellee filing suit with the Small Claims Division of the City Court of Port Allen. The suit was later transferred to the regular civil division of that court and set for trial.
A bench trial was held and the matter was taken under advisement. On September 28, 2015, the trial court rendered and signed a judgment finding that the appellant was entitled to retain the “advanced deposit” of $850.00. Further, the judgment granted the appellee an award in the amount of $425.00, together with judicial interest from the date of judicial demand until paid. Each party was ordered to bear their own costs. The trial court did not provide written or oral reasons for judgment, nor did either party request such reasons under La. C.C.P. art. 1917(A).[1]
On September 28, 2015, the deputy clerk of court mailed notice of the judgment to the parties. On October 6, 2015, the appellant filed a motion for new trial, which was denied on October 15, 2015. Notice of the judgment denying the motion for new trial was mailed to the parties on October 16, 2015; however, there is no evidence in the record to demonstrate when the appellant received the denial on the motion for new trial. On November 10, 2015, the appellant filed a motion for suspensive appeal. The 25-day delay between the issuance of the judgment and the filing for appeal requires consideration of the timeliness of the appellant’s appeal, which we address below.
LAW AND DISCUSSION
Timeliness of Appeal
Louisiana Code of Civil Procedure article 5002 provides as follows with regard to appeal delays from parish and city courts:
A. An appeal from a judgment rendered by a city court or a parish court may be taken only within ten days from the date of the judgment or from the service of notice of judgment when such notice is necessary.
B. When an application for new trial is timely filed, however, the delay for appeal commences on the day after the motion is denied, or from service of notice of the order denying a new trial, when such notice is necessary.
[Emphasis added.]
Focusing on the phrase “from service of notice of the judgment,” the Louisiana Supreme Court and this court have held that the 10-day appeal delay provided for in La. C.C.P. art. 5002 commences to run upon receipt of notice rather than upon the mere mailing of said notice. See Myles v. Turner, 612 So.2d 32, 35 (La.1993); Keesler Federal Credit Union v. Rivero, 2014-0095 (La.App. 1 Cir. 9/19/14), 153 So.3d 1218, 1220.[2]
*1257 Under La. C.C.P. art. 1914(C), the clerk of court is required to mail the denial of a motion for new trial, thus, the appeal delay herein commenced 10-days from receipt of the denial of a new trial. In the instant matter, the appellant’s appeal was filed 25 days after the mailing of the notice of denial; however, there is nothing in the record to indicate what date the appellant received said notice. Observing this deficiency, this court issued a remand order directing the trial court to hold a hearing to determine when the appellant received notice of the denial of the motion for new trial issued on October 16, 2015.
Following an August 16, 2016 hearing, the trial court issued an order finding that “there is no way to determine when [the appellant] actually received the notice of the denial of the Motion for a New Trial but, at the latest, notice was mail[ed] to his address of record on October 16, 2016.” The order notes that the appellant “did not specifically testify when he received the notice, nor did he specifically deny receiving the notice of the denial.” Appeals are favored in the law and should be maintained unless a legal ground for dismissal is clearly shown. See Richardson v. North Oaks Hospital, 2011-1258 (La.App. 1 Cir. 2/13/12), 91 So.3d 361, 364. An appeal is not to be dismissed for a mere technicality. Id. Further, unless the ground urged for dismissal is free from doubt, the appeal should not be dismissed. Thomas v. Bridges, 2012-1439 (La.App. 1 Cir. 6/28/13), 120 So.3d 338, 341, aff'd. 2013-1855 (La. 5/7/14), 144 So.3d 1001. Mindful of the favored status of appeals and the inconclusive record before us, despite efforts to clarify, we are constrained to find the appellant’s appeal timely and to consider the merits below. See Myles v. Turner, 612 So.2d at 35; Keesler Federal Credit Union v. Rivero, 153 So.3d at 1221; Hacienda Construction, Inc. v. Newman, 10-18 (La.App. 5th Cir. 6/29/10), 44 So.3d 333, 336.
The Existence of an Oral Lease
The only issues raised in this appeal are the $425.00 award to the appellee and the order that each party must bear his own costs.[3] The appellant asserts that an oral lease was confected between the parties; thus, the appellee breached the lease when he refused to take possession of the premises. The appellant avers that the appel-lee’s breach entitles him to compensation for all lost rent incurred prior to his releasing of the property in the amount of $1,275.00. T he appellant, citing the trial court’s lack of reasons for judgment, alternatively argues that if the trial court’s judgment is based upon the assumption that no lease existed between the parties, then the trial court’s award of $425.00 to' the appellee amounts to a manifest error and must be reversed.
A lease may be made orally or in writing; nevertheless, there must be a contract. La. C.C. art. 2681. The essential elements of a lease are the thing, the price (rent), and consent of the parties. GE Commercial Finance Business Property Corporation v. Louisiana Hospital Center, L.L.C., 2013-0029 (La.App. 1 Cir. 9/13/13), 134 So.3d 616, 620. A contract is formed by consent of the parties established through offer and acceptance that may be made orally, in writing, or by action or inaction that is clearly indicative of consent. La. C.C. art. 1927. However, *1258 where there is no “meeting of the minds” between the parties, there is no consent, and thus, no enforceable contract. Key Office Equipment, Inc. v. Zachary Community School Board, 2015-1412 (La.App. 1 Cir. 4/15/16), 195 So.3d 54, 60, writ denied. 2016-0841 (La. 6/17/16), 192 So.3d 772.
Whether a lease exists is a question of fact. Southern Treats, Inc. v. Titan Properties, L.L.C., 40,873 (La.App. 2nd Cir. 4/19/06), 927 So.2d 677, 683, writ denied, 2006-1170 (La. 9/15/06), 936 So.2d 1271; see also Commercial Flooring & Mini Blinds, Inc. v. Edenfield, 2013-0523 (La.App. 1 Cir. 2/14/14), 138 So.3d 30, 36. A party claiming the existence of a contract has the burden of proving that the contract was perfected between himself and his opponent. See La. C.C. art. 1831; Pennington Construction, Inc. v. R A Eagle Corporation, 94-0575 (La.App. 1 Cir. 3/3/95), 652 So.2d 637, 639.
A court of appeal may not set aside a trial court’s finding of fact in the absence of manifest error or unless it is clearly wrong, and where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its. own evaluations and inferences are as reasonable. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989). Where there are two permissible views of the evidence, the fact finder’s choice between them cannot be manifestly erroneous or clearly wrong. Id.
Here, the record reveals conflicting testimony by the parties regarding a meeting of the minds between the parties as to the existence of a lease. During the trial, the trial court questioned the' appellee regarding his understanding of the agreement between the parties, to wit;
Q: The proposed rental before you came down and saw it? What were y’all—, what were your discussions with that?
A; Well the only thing I had, I had what was on Craig’s list [sic] $850. And he told me when I called him, he said yeah, $850 uh as a damage deposit, $850 per month and that was, that was it. So then when he got back in touch with me and told me that the property was available again, he said, sent me $850 the damage deposit. An uh then uh he said, well uh can you send me half a month’s rent? And I said sure, that’s not a problem, I’ll send you half a month’s rent. I just want to be able to see the property and verify whether or not I want to live there.
,Q: So you had not agreed—you’re saying, you’re saying over the phone, you had not agreed to rent the property?
A: No, I had not agreed.
After the appellee stated there was no agreement as to a lease, the trial court asked the appellee what he believed was the purpose of the deposit. The appellee explained that he wanted to show the appellant that he had the financial wherewithal to rent the property, and to distinguish himself from the prior potential lessors that had been unable to meet the financial requirements.
In contrast, the appellant testified that an oral lease existed between the parties as they had agreed to the term of one year and 'a monthly rent amount of $850.00. The appellant testified he removed- the listing from the internet after the appellee informed him that he wanted to rent the property, and also conferred with the ap-pellee’s banker to confirm that the appel-lee had the financial means for the lease. According to the appellant, “the deposit was to hold the trailer and then because he wasn’t arriving until later in the month, I asked him to transmit a uh a half month’s rent.” The appellant explained that at some point he and the appellee discussed the issue of toning on the electricity,' loca *1259 tion of the premises, and other details regarding the property.
The appellant also introduced a series of text messages between the appellee and himself. Review of the text messages reveals a fluid situation. For example, 'on June 23, 2014 the appéllee texted “I want it [“the premises”] what do i have to do to secure this house.” However, on June . 24, 2014, the appellant texted the appellee as follows: “Did you decide not to rent my trailer” and the appellee responded, “Not yet you are still at the top of my list[.]” Review as a whole reveals messages regarding the transfer of funds for the deposit and rent, but no express evidence of a lease. Moreover, in a text message dated July 5, 2014, during the period which the appellant alleges that the lease was' in existence, the appellant offered for the ap-pellee’s consideration another mobile home for $900.00 per month as an alternative to the premises.
As noted above, the existence of a lease is a question of fact to be determined by the trial court. Here, the appellant had the burden of proving the existence of the lease. Based upon the conflicting nature of the testimony and text messages as to the existence of an oral lease, we cannot And that the holding of the trial court was manifestly erroneous when viewed in light of the evidence contained in the record.
Award of Costs
The appellant challenges the trial court’s'finding that both parties must bear their own costs associated with the lower court’s action. Both the trial and appellate courts are vested with discretion in the apportionment of costs. La. C. C.P. art. 1920. On review, a trial court’s assessment of court costs can be reversed by this court only on a showing of abuse of discretion. Ratcliff v. Mandeville, 551 So.2d 761, 763 (La.App. 1st Cir.1989), writ denied, 556 So.2d 37 (La.1990). We find no abuse of discretion in the trial court’s assessment that costs be borne by each party, and we will therefore not disturb the ruling.
CONCLUSION
For the above reasons, we affirm the September 28,' 2014, judgment of the City Court of Port Allen. All costs of this appeal are to be paid by the appellant/deferidant, Evan C. Cooper.
AFFIRMED.

. Louisiana Code of Civil Procedure article 1917(A) provides:
In all appealable contested cases, other than those tried by a jury, the court when requested to do so by a party shall give in writing its findings of fact and reasons for judgment, provided the request is made not later than ten days after the mailing of the notice of the signing of the judgment.

. The instant matter involves the denial of a motion for new trial; however, the reasoning applied in Myles and Keesler to judgments rendered by a city court under La. C.C.P. art. 5002(A) would apply to the denial of a motion for new trial under La. C.C.P. art. 5002(B), as the delays in both instances commence "from service.”

. The propriety of the $850.00 award to the defendant has not been challenged by the defendant in this appeal, nor has the plaintiff filed an answer to the appeal challenging the $850.00 award. Matters neither assigned as error nor argued, or, matters assigned as error but not argued may be considered abandoned. See Uniform Rules-Courts of Appeal 2-12.4.