Judgment rendered January 10, 2024.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 55,404-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

CHASSIS INC. AND                                    Plaintiffs-Appellees
WILLIAM SCOTT CARROLL

versus

FDJ TRUCKING LLC, ALSO                              Defendants-Appellants
LONGSHOT TRUCKING, LLC
AND FREDERICK NICHOLS

* * * * *

Appealed from the
West Monroe City Court for the
Parish of Ouachita, Louisiana
Trial Court No. 56614

Honorable Alan James Norris, Judge

* * * * *

AMY COATH JOHNSON                                   Counsel for Appellants

BRENDA MAGGIE HOWELL                                Counsel for Appellees

* * * * *

Before STEPHENS, ROBINSON, and ELLENDER, JJ.

**STEPHENS, J.**

This appeal is from a default judgment rendered against defendants, FDJ Trucking, LLC, also d/b/a Longshot Trucking, LLC, and Frederick Nichols ("Defendants" or "Longshot Trucking/Nichols"), by Honorable Jim Norris, Judge, West Monroe City Court, Parish of Ouachita, State of Louisiana. The issue in this appeal is whether the trial court erred in granting plaintiffs, Chassis, Inc., and William Scott Carroll ("Plaintiffs" or "Chassis/Carroll"), a default judgment in this suit on open account. For the reasons set forth below, we reverse and remand the matter to the trial court for further proceedings consistent with this opinion.

## FACTS/PROCEDURAL HISTORY

Plaintiffs filed a "Petition for Monies Owed and for Further Relief" against defendants in West Monroe City Court on February 13, 2023, in which they alleged that defendants had wrongfully stopped payment on a check for services rendered. The theory of recovery alleged by Chassis/Carroll was that of an open account. Plaintiffs also requested an award of attorney fees and court costs and filed an order asking that the matter be set for a hearing. The trial court did not sign the order setting the matter for trial, but made a handwritten note on the order that read, "Set for trial after service and answer filed."

Defendants were served with the petition and order with the above notation on February 22, 2023. On March 6, 2023, Chassis/Carroll presented to the court for consideration a "Final Judgment by Default"; there was no hearing and no notice to Longshot Trucking/Nichols. Instead, the trial court rendered judgment on March 7, 2023, in plaintiffs' favor in the amount of $7,936.55, together with interest at the statutory rate from the date

of judicial demand until paid, together with attorney fees and court costs. Notice of judgment was mailed to all parties on March 8, 2023. Longshot Trucking/Nichols filed an "Answer and Affirmative Defenses" on March 8, 2023, and a "Motion for Devolutive Appeal" on April 12, 2023. The trial judge's order granting the appeal was also signed on April 12, 2023.

Since there was no trial, there was no testimony. All that is known about the matter is set forth in Chassis/Carroll's petition and three exhibits (none of which were authenticated by affidavit). Nonetheless, as noted above, plaintiffs secured a judgment in their favor via default on March 6, 2023. On that date, via attorney certification, Chassis/Carroll entered into evidence the entire record (as it was), urging that they had produced due proof of their demands and requesting that a default judgment be rendered against defendants. The documents submitted in support of the request for a default judgment included a final judgment, a "Certificate of Attorney" signed by plaintiffs' counsel, in which she asserted that the account sued upon was in the nature of an open account, and an "Article 1702 Certificate" also signed by plaintiffs' counsel. The trial judge signed the default judgment on March 7, 2023. It is from this judgment that Longshot Trucking/Nichols have appealed.

## DISCUSSION

Before we reach the assignments of error raised by defendants, we must first address a jurisdictional issue noticed by this Court and addressed by plaintiffs in their brief: whether the appeal filed by Longshot Trucking/Nichols was timely, thus vesting this Court with jurisdiction to hear this appeal.

2

As noted above, on March 7, 2023, the default judgment was granted and filed into the record. Notice was sent to all parties via U.S. mail on March 8, 2023, as evidenced by certificates of judgment filed into the record. Defendants' counsel, on April 12, 2023, filed a motion and order for appeal, which the trial court allowed as a devolutive one. As noted by Chassis/Carroll, the appeal was filed 36 days, not counting the legal holidays of Good Friday and Easter, after the notice of judgment was sent by the city court. This 36-day delay requires consideration of the timeliness of defendants' appeal.

***Whether Defendants' Appeal is Timely***

Regarding the appeal delays applicable to parish and city courts, La. C.C.P. art. 5002(A) provides that an appeal from a judgment rendered by a city court or a parish court may be taken only within ten days from the date of the judgment or from the service of notice of judgment when such notice is necessary.

In *Ranson v. Cooper*, 16-0029, p. 4 (La. App. 1 Cir. 9/19/16), 228 So. 3d 1254, 1256, the First Circuit observed:

> Focusing on the phrase "from service of notice of the judgment," the Louisiana Supreme Court and this court have held that the 10-day appeal delay provided for in La. C.C.P. art. 5002 commences to run upon *receipt* of notice rather than upon the mere mailing of said notice. *See Myles v. Turner*, 612 So. 2d 32, 35 (La. 1993); *Keesler v. Federal Credit Union v. Rivero*, 14-0095 (La. App. 1 Cir. 9/19/14), 153 So. 3d 1218, 1220. (footnote omitted).

*See also*, *Modicue v. Prince of Peace Auto Sale, LLC*, 54,095, p. 3 (La. App. 2 Cir. 9/22/21), 328 So. 3d 1239, 1244, *writ denied*, 21-01864 (La. 2/15/22), 332 So. 3d 1188.

3

In La. C.C.P. art. 4904, which provides for default judgments in parish and city courts, subsection (C) contains the applicable notice requirement. A certified copy of the signed default judgment shall be sent to the plaintiff by the clerk of court, and notice of the signing of the default judgment shall be given as provided in Article 1913. Plaintiffs noted that defendants were personally served with the petition. La. C.C.P. art. 1913(C) provides that notice of the signing of a default judgment shall be mailed by the clerk of court to the defendant at the address where personal service was obtained or to the last known address of the defendant. As set forth in La. C.C.P. art. 5002(A), the appeal delay began ten days from Longshot Trucking/Nichols' *receipt* of the notice. The record contains no evidence whatsoever of the date of defendants' *receipt* of the notice of judgment, such as a certified mail receipt or a receipt acknowledgment by Longshot Trucking/Nichols.

It is a well-settled principle that appeals are favored in the law and should be maintained unless a legal ground for dismissal is clearly shown. *Jackson v. Family Dollar Stores of Louisiana Inc.*, 18-0170 (La. 6/27/18), 251 So. 3d 368; *Modicue, supra*; *Ranson*, *supra*; *Richardson v. North Oaks Hospital*, 11-1258 (La. App. 1 Cir. 2/13/12), 91 So. 3d 361. An appeal is not to be dismissed on a mere technicality. *Stadtlander v. Ryan's Family Steakhouses, Inc.*, 34,384 (La. App. 2 Cir. 4/4/01), 794 So. 2d 881, *writ denied*, 01-1327 (La. 6/22/01), 794 So. 2d 790. Further, unless the ground urged for dismissal is free from doubt, the appeal should not be dismissed. *Jackson*, *supra*; *Modicue*, *supra*; *Stadtlander*, *supra*.

In light of the policy favoring appeals, and without proof in the record of the date of defendants' receipt of the notice of judgment, we find that the instant appeal is timely.

### *Whether Plaintiffs Presented Sufficient Proof to Establish A Prima Facie Case for a Default Judgment for a Sum Due on an Open Account*

Longshot Trucking/Nichols contends that the trial court's default judgment was contrary to the law and evidence and should be reversed, and this matter should be remanded for a trial on the merits, since the evidence introduced by Chassis/Carroll against defendants to confirm the default judgment was insufficient to establish a prima facie case on an open account. Defendants urge that without properly authenticated documentary evidence or a sworn affidavit, Chassis/Carroll could not carry their burden of proof to establish a prima facie case entitling them to a default judgment.

In this case, urge defendants, the evidence presented by Chassis/Carroll is "wholly incompetent and insufficient," and the default judgment granted against Longshot Trucking/Nichols was contrary to the law and evidence. Plaintiffs' suit entitled "Petition for Monies Owed and for Further Relief" was a suit on open account. The evidence necessary to obtain a default judgment on an open account *without a hearing* is an affidavit duly attesting to the authenticity of an itemized statement of the account. Since Chassis/Carroll failed to present this evidence, they did not establish a prima facie case either as to the validity of the debt or the amount allegedly owed.

Longshot Trucking/Nichols takes issue with the exhibits attached to plaintiffs' request for default judgment. According to defendants, *Exhibit A* identifies *Freddy Nichols* as the alleged customer and contains two separate

5

estimates dated July 21, 2021, but there is no identified "project" in either; there is also an invoice from Chassis identifying *Longshot Trucking* as the customer and "Truck 22" as the project; the invoice reflects charges of $3,000 and receipt of payment of this amount is dated July 10, 2021. *Exhibit B* has an undated invoice generated by Chassis identifying *Longshot Trucking* as the customer; the project type is not legible. According to defendants, Chassis/Carroll offer no proof that the estimates and statements even relate to the project giving rise to this litigation. Furthermore, plaintiffs do not try to reconcile that the accounts seem to belong to two separate entities, Freddy Nichols and Longshot Trucking, establish a connexity between the entities, or show how they might be jointly liable for the underlying debt. The trial court could have, in its discretion under La. C.C.P. art. 1702(B)(2), required oral testimony to explain how the documents and entities were related, or Chassis/Carroll could have established the relationships in an affidavit. Neither was done, urge defendants.

The trial court took at face value the calculations made by plaintiffs. According to Longshot Trucking/Nichols, there is no basis in the record to support how Chassis/Carroll arrived at the $7,936.55 amount. Defendants contend that plaintiffs submitted only copies of random estimates and invoices, and these documents do not demonstrate how Chassis/Carroll reached the alleged amount due. According to defendants, none of the figures presented in plaintiffs' exhibits results in the actual amount allegedly owed. All of this could have been taken care of with an authenticated itemization of the account by affidavit or oral testimony, notes Longshot Trucking/Nichols.

6

Longshot Trucking/Nichols next points out that *all* of plaintiffs' documentary "proof" consists of inadmissible hearsay or out of court written statements offered into evidence to prove the truth of the matter asserted. Even if any of the documents could have been admitted under the business records exception in La. C.E. art. 803(6), nothing was authenticated or verified by sworn affidavit.

For the reasons set forth above, defendants urge this Court to reverse the trial court's judgment and remand for further proceedings.

Chassis/Carroll urge that Longshot Trucking/Nichols' appeal is frivolous. Plaintiffs contend that the evidence attached to their petition was "clear and convincing" and the trial court did not err in considering and finding proof of the claim on open account in the written estimates for the work to be done, the funds previously paid for the work requested, the receipt showing payment for the work provided, a copy of the negotiable instrument signed by Nichols, and the police report filed by plaintiffs against Nichols for his theft after he stopped payment on a check for the work performed by plaintiffs to grant the default judgment.

In reviewing default judgments, the appellate court is restricted to determining the sufficiency of the evidence offered in support of the judgment. *Arias v. Stolthaven New Orleans, L.L.C.*, 08-1111 (La. 5/5/09), 9 So. 3d 815; *McCall v. Marshall*, 51,708 (La. App. 2 Cir. 11/15/17), 244 So. 3d 1213; *Moore Finance Co., Inc. v. Ebarb*, 46,392 (La. App. 2 Cir. 5/18/11), 70 So. 3d 856. The determination is a factual one governed by the manifest error standard of review. *Arias*, *supra*; *Cameron v. Roberts*, 47,789 (La. App. 2 Cir. 2/27/13), 111 So. 3d 438.

The law and procedure relative to default judgments in parish and city courts is set forth in La. C.C. art. 4904. Subsection (A) of La. C.C.P. art. 4904 provides that in suits in city courts, if a defendant fails to answer timely *and* the plaintiff establishes a prima facie case by competent and admissible evidence, a default in favor of the plaintiff may be rendered. Subsection (B) of La. C.C.P. art. 4904 provides that when the suit is for a sum due on an open account, as in this case, prima facie proof may be submitted by affidavit.

To establish a prima facie case, the plaintiff must present competent evidence that convinces the court that it is probable that he would prevail at trial on the merits. *Arias*, *supra*; *Thibodeaux v. Burton*, 538 So. 2d 1001 (La. 1989). In *Sessions & Fishman v. Liquid Air Corp.*, 616 So. 2d 1254 (La. 1993), the Louisiana Supreme Court outlined the requirements for confirming a default in a suit on open account. Specifically, the court explained that the prima facie proof necessary to support a judgment of default in a suit on an open account consists of a statement of the account or invoice and an affidavit attesting to the correctness thereof. *Id.* at 1261. Furthermore, the affidavit attesting to the correctness of the evidence should be by someone personally familiar with the account. *See*, *Louisiana Safety Ass'n of Timbermen-Self Insurers Fund v. TemLaco, Inc.*, 39,459 (La. App. 2 Cir. 4/28/05), 903 So. 2d 492, 495; *First Consumers Financial, LLC v. Frank*, 07-342 (La. App. 3 Cir. 10/3/07), 966 So. 2d 1199, 1201.

In this case, plaintiffs failed to provide sufficient proof to support a default judgment under La. C.C.P. art. 4904. The documents submitted to the trial court, which include written estimates, two invoices, one of which is unsigned, and documents relating to a returned check, do not take the place

8

of an itemized statement of account and/or invoices sufficient to establish the amount sought by plaintiffs in their petition on open account. There is also no affidavit by Carroll or anyone else affiliated with Chassis, with personal knowledge of the matters stated therein, to prove its open account with Longshot Trucking/Nichols. As plaintiffs have fallen short of the legal proof required to prove a sum due on open account, we reverse the default judgment rendered in their favor and remand this matter to the trial court for further proceedings.

## CONCLUSION

For the reasons set forth above, the judgment of the trial court is reversed, and this matter is remanded. Costs of this appeal are assessed to plaintiffs, Chassis Inc., and William Scott Carroll.

**REVERSED; REMANDED.**